STONE, Judge.
We affirm appellant’s conviction and sentence. The trial court did not abuse its discretion by admitting appellant’s taped statement to the police. McNamara v. State, 357 So.2d 410 (Fla.1978).
Appellant made the admitted portion of the statement following full Miranda[1] warnings. He argues that the whole statement was tainted by the lack of any warning during the initial portion of the interview, which portion the trial court suppressed. The victim had accused the appellant prior to the time of the statement. Appellant made all of the statements to the police voluntarily.
Although we are concerned about the motives for the investigating officer’s attempting initially to establish “rapport” with appellant prior to giving the Miranda warnings, we cannot conclude on this record that the trial court abused its discretion by denying appellant’s motion to suppress those portions of the statement made after warnings. Cf. Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); United States v. Wauneka, 770 F.2d 1434 (9th Cir.1985). Nor can we conclude, as appellant asserts, that the officers’ conduct rises to the level of misconduct, coercion and improper tactics found in State v. Madruga-Jiminez, 485 So.2d 462 (Fla. 3d DCA 1986).
We also find no abuse of discretion or reversible error in the other issues raised.
ANSTEAD and DELL, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)