666 So.2d 590 (1996)
Freddi PINKNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3455.
District Court of Appeal of Florida, Fourth District.
January 24, 1996.
*591 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Edward L. Giles, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Freddi Pinkney appeals his conviction for possession of crack cocaine. We hold that, under the facts presented, the state lacked the requisite indicia of reliability to stop appellant. As a result, the executed stop was invalid and all evidence obtained as a result of that stop should have been suppressed. We therefore reverse appellant's conviction.
At the suppression hearing below, an officer of the Fort Lauderdale Police Department testified that on July 19, 1994, the police received an anonymous phone call that an individual known as Freddi Pinkney would be moving narcotics from a location on N.W. 6th Street to his residence at 720 N.W. 10th Terrace. The testifying officer did not know when the call was made, or who at the station received the call.
The officers arrived at the designated area in an unmarked van. They observed Pinkney enter a vehicle that was driven by an African-American female, with two children in the rear seat. The car left the area and proceeded to his residence. The officers followed Pinkney to his home, pulling into the driveway behind his car.
When the unmarked van entered the driveway, Pinkney fled, attempting to run behind the house. The police exited the van *592 and apprehended him in his backyard. Inside the vehicle, the police found a handgun and two rocks of crack cocaine. Upon these facts, appellant's motion to suppress was denied, and he was ultimately found guilty of possession of cocaine.
Pinkney appeals the trial court's failure to suppress the cocaine where his stop and detention were based on an anonymous tip that lacked the requisite level of reliability. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979). The validity of a stop is measured in terms of the information and circumstances known to the law enforcement officer. The justification for a valid stop need not come from personal observation, but must carry enough indicia of reliability to justify the stop. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). If the information is not personally observed, but received from an informant, the informant's "veracity," "reliability," and "basis of knowledge" are critical in establishing the reasonable suspicion required for a stop. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).
Anonymous tip situations, however, are treated differently because the informant's veracity, reliability, and basis of knowledge are not known. Alabama, supra. Therefore, they provide an additional challenge for law enforcement, as they require detailed and specific information corroborated by police investigation. State v. Marsh, 576 So.2d 387 (Fla. 2d DCA 1991); Key v. State, 553 So.2d 301 (Fla. 1st DCA 1989). That corroboration often requires personal observations of suspicious activity to establish the required level of reliability. Strong v. State, 495 So.2d 191, 193 (Fla. 2d DCA 1986).
In the case at bar, the police lacked the sufficient level of corroboration needed to effectuate a stop. The only corroboration established by the police was that the defendant matched the provided description and was present in the designated location. There was no evidence defendant was engaged in criminal activity, nor did the police observe behavior which rose to the level of reasonable suspicion.
In St. John v. State, 363 So.2d 862 (Fla. 4th DCA 1978), we held that a "B.O.L.O." (Be On the Look Out) from an unknown tipster did not carry sufficient credibility to justify a stop. Additionally, in such situations, the state is required to show there were other circumstances observed or otherwise known by the police which created the founded suspicion for the detention. Id. at 864. In the case at bar, the state failed to meet that burden.
The state contends the police never stopped the defendant's car, as the driver stopped the car without a show of force. Therefore, the state argues, a stop of the car never occurred. This argument is misplaced. The dispositive "stop" in this case was the stop of the appellant, not the car. When the police detained the appellant in his backyard, they lacked the required foundation to do so. The resulting search of the car was invalid, as it flowed from the unlawful detention.
As the police failed to properly corroborate the information from the anonymous tip, the stop of the appellant was invalid. The trial court should have granted his motion to suppress. Accordingly, we reverse.
WARNER and PARIENTE, JJ., concur.