700 So.2d 58 (1997)
Feliz AGUILAR, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2897.
District Court of Appeal of Florida, Fourth District.
September 17, 1997.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We affirm Appellant's conviction, finding no abuse of discretion in the trial court's denial of a motion to suppress, but reverse the sentence and remand for resentencing.
The trial court concluded that officers had a reasonable basis to stop Appellant and search for a weapon. A 13 or 14-year-old boy approached the officers while they were standing in a trailer park parking area talking to the park manager. The boy said that he saw a man with a gun in the trailer park public washroom. He then saw that man put *59 the gun in his pocket and enter a small convenience store on the park property.
Although the officers did not know the boy's name or in which trailer he lived, they did recognize him as a resident of the area. The boy identified Appellant, and as he left the store, the officers called him aside and asked if he had a gun. Appellant was unsteady on his feet and smelled of alcohol. One of the officers did a pat-down of Appellant and felt the pistol in his pocket. Appellant was arrested for carrying a concealed weapon.
Officers may stop and frisk a person on a tip deemed sufficiently reliable, based on either "the surrounding circumstances or the nature of the information given in the tip itself." Hetland v. State, 387 So.2d 963, 963 (Fla.1980). Here, the officers patently had a valid reason to believe that Appellant had a concealed weapon.
A "tip" under these circumstances is not considered uncorroborated as based on an anonymous informant. In State v. Evans, 692 So.2d 216 (Fla. 4th DCA 1997), this court reversed an order suppressing evidence, stating that the trial court had based its ruling on an erroneous assumption of law. There, police were called to a McDonald's upon a 911 call made by the manager of the restaurant, informing them that a customer in the drive-through appeared "wasted," drunk, and was incoherent. When a police officer arrived, the manager pointed to the defendant's vehicle which matched the description and tag number given to police in the 911 call. The officer waited for the truck to pull onto the street, then pulled the defendant over to the side of the road.
In Evans, both sides called the manager's call an "anonymous" tip, which would require corroboration before police could stop the defendant. However, we recognized that tips are not of equal value in determining whether sufficient reasonable suspicion exists to justify a stop and, thus, the classification of a tip is critical. An anonymous tip is considered to be at the low end of the reliability scale, because alone, it seldom "demonstrates the informant's basis of knowledge or veracity." Id. at 218. Therefore, anonymous tips justify a stop only if they are sufficiently corroborated. The call in Evans was not deemed anonymous because the witness provided identifying information to the police. Although the officer did not know who she was, the manager's identity was readily ascertainable. Further, the manager fell into a classification known as a "citizen-informant," at the high end of the reliability scale. A "citizen-informant" is normally motivated by the desire to further justice, not by pecuniary gain. Such informants are usually unrelated third parties who happen to find themselves in a position of victim of or witness to criminal conduct. Id. at 219. As such, a citizen-informer is more deserving of a presumption of reliability than the informant who may be partially involved with the criminals on which he or she informs. Id. As a result, we concluded that the informant's call did not fall into the classification of "anonymous tip" and did not need any independent corroboration by the police before they were justified in stopping the defendant. Id.
Similarly, in this case the witness' identity was readily discoverable and the witness had simply found himself in a situation where he observed criminal activity and promptly informed police officers. His information did not fall into the category of "anonymous tip," which needed further corroboration before the police could stop Appellant. Therefore, his tip, as in Evans, was that of a citizen-informant. The officers, having reasonable suspicion to believe Appellant was carrying a gun, acted lawfully in conducting the pat-down. Evans, 692 So.2d at 219. See also Hetland, 387 So.2d at 963; State v. Webb, 398 So.2d 820 (Fla.1981).
With respect to the sentencing issue, it was error to assess extra points for possession of a firearm on a conviction for carrying a concealed weapon. The state argues no exception should be imposed on the required assessment of additional points for committing the offense while possessing a firearm. See Smith v. State, 683 So.2d 577, 578 (Fla. 5th DCA 1996); State v. Davidson, 666 So.2d 941, 942 (Fla. 2d DCA 1995). However, this court has resolved, in Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), that the *60 additional points are not to be added where the conviction is for possessing or carrying the firearm, and its possession is unrelated to the commission of any other substantive offense.
Therefore, the judgment is affirmed, the sentence is reversed, and we remand for resentencing.
GUNTHER and FARMER, JJ., concur.