766 So.2d 1105 (2000)
Sharod DOZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2988.
District Court of Appeal of Florida, Second District.
August 16, 2000.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, *1106 Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Sharod Dozier appeals his judgment and sentence for possession of cocaine with the intent to sell or deliver. We reverse because the State failed to present evidence to support the validity of the stop of Dozier's automobile.
Tampa police officer Mark Montague was the only witness to testify at the suppression hearing. He testified that he was told by a subject that there were drugs in Dozier's car. Officer Montague described the source of his information as someone who "helped me before in cases but not really an informant just someone giving me information in the past." Officer Montague had no other details regarding Dozier.
Based on this information, Officer Montague followed Dozier's car and stopped it. The officer observed no law or traffic violations prior to the stop, or even any suspicious behavior. After the stop, Dozier consented to a search, and Officer Montague found six rocks of cocaine under the dashboard.
The question presented is whether Officer Montague's information provided reasonable suspicion to conduct a Terry[1] stop of the car. In order to justify a stop under Terry, "a police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably justify the stop." State v. Webb, 398 So.2d 820, 822 (Fla.1981). The officer must have a well-founded, articulable suspicion that the defendant is engaged in criminal activity. See Popple v. State, 626 So.2d 185, 186 (Fla.1993). Here, the only thing observed by Officer Montague was that Dozier was driving a car. This observation alone was insufficient to give rise to a reasonable suspicion that Dozier was engaged in criminal activity.
The justification for an investigatory stop need not come solely from an officer's own observations-the officer may also rely upon information provided by others. See Pinkney v. State, 666 So.2d 590, 592 (Fla. 4th DCA 1996). "If the information is not personally observed, but received from an informant, the informant's `veracity,' `reliability,' and `basis of knowledge' are critical in establishing the reasonable suspicion required for a stop." Pinkney, 666 So.2d at 592 (citing Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). Here, the State presented no evidence to show these details as applied to the source of Officer Montague's information. In addition to the lack of information regarding the informant's veracity and reliability, it is significant that the record fails to show how the informant knew what she claimed to know.
Based on the totality of the circumstances, the facts presented by the State at the suppression hearing did not justify the Terry stop. Because the officer did not have the reasonable suspicion necessary to conduct an investigatory stop, the initial detention was illegal and the resulting acquisition of the cocaine was the fruit of an unconstitutional seizure. Accordingly, we reverse the denial of Dozier's motion to suppress and remand for further proceedings.
Reversed and remanded.
FULMER and SALCINES, JJ., Concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).