792 So.2d 1272 (2001)
Delva MILBIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4632.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
*1273 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Fort Lauderdale, for appellee.
KLEIN, J.
Appellant was convicted of carrying a concealed firearm, but argues that the trial court erred in denying a motion to suppress physical evidence where the state did not have a founded suspicion to stop the appellant. We affirm.
Appellant was stopped and searched by a detective acting on information given to him by the victim of an alleged assault with a firearm. The information from this witness consisted of a physical description of the alleged perpetrator and the location where the incident took place. The witness did not identify himself nor was the witness known to the detective.
The detective went to the location described by the witness and found appellant wearing clothing consistent with the witness's description. The detective suspected appellant was the individual who allegedly committed the assault on the witness earlier in the evening, and for his safety proceeded with a pat down search of appellant, locating a firearm concealed in appellant's pocket.
Appellant argues that the information given to the detective was by an individual not known to him and should have been classified as an anonymous tip for which additional independent corroboration was needed to justify a stop of appellant. Aguilar v. State, 700 So.2d 58 (Fla. 4th DCA 1997), and Woodson v. State, 747 So.2d 965 (Fla. 2d DCA 1999). In Aguilar we said:
Officers may stop and frisk a person on a tip deemed sufficiently reliable, based on either "the surrounding circumstances or the nature of the information given in the tip itself."
700 So.2d at 59 (quoting Hetland v. State, 387 So.2d 963, 963 (Fla.1980)).
We find that the information given to the detective in person by this unidentified *1274 witness was sufficiently reliable, based on the surrounding circumstances and the nature of the tip itself, to create a founded suspicion by the detective to conduct an investigatory stop of appellant. The record shows that the witness provided the detective with a physical description of the perpetrator that closely matched that of appellant. The detective also found appellant in the same location described by the witness. The witness provided the detective with information "face to face," then remained on the scene to identify the appellant. A witness who provides information to a police officer through "face to face" communication is deemed to be sufficiently reliable. See Carattini v. State, 774 So.2d 927 (Fla. 5th DCA 2001).
This court also stated in Aguilar that, if a witness's identity is readily discoverable, then the information given to the police does not fall into the category of an anonymous tip. 700 So.2d at 59 (citing State v. Evans, 692 So.2d 216 (Fla. 4th DCA 1997)). In this case the witness's identity was readily discoverable. The witness's continued presence afforded the detective ample opportunity to obtain his identification, an aspect which distinguishes this case from Woodson.
Finally, this court in Aguilar stated that if an unidentified witness offers information to a law enforcement officer as a citizen informant, then the information given to the detective is at the high end of the reliability scale. A citizen informant is normally motivated by the desire to further justice, not by pecuniary gain. As such, a citizen-informant is more reliable than the informant who may be involved with the criminals on which he informs. 700 So.2d at 59 (citing Evans, 692 So.2d 216). The witness in this case qualifies as a citizen informant. The record shows that the witness found himself to be a victim of criminal conduct and promptly reported the incident to a law enforcement officer. Accordingly, we affirm.
GUNTHER and HAZOURI, JJ., concur.