796 So.2d 602 (2001)
STATE of Florida, Appellant,
v.
Jermaine MANUEL, Appellee.
No. 4D00-2340.
District Court of Appeal of Florida, Fourth District.
September 12, 2001.
Rehearing Denied October 25, 2001.
*603 Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellee.
TAYLOR, J.
The State of Florida appeals an order dismissing a resisting arrest without violence charge and suppressing evidence obtained from an investigatory stop of appellee based upon information provided to the police by a convenience store clerk. Citing Maynard v. State, 742 So.2d 315 (Fla. 2d DCA 1999),[1] the trial court concluded that the information was unreliable and should have been corroborated by the police before stopping and detaining appellee. We reverse, because the store clerk qualified as a citizen-informant, whose information maintained its presumption of reliability and needed no corroboration to establish reasonable suspicion.
At the hearing on appellee's motion to suppress, Fort Lauderdale Police Officer Juan Ho testified that he responded to a 911 call from a clerk at the Midway Market. The clerk had reported seeing someone carrying a firearm and selling drugs in front of the store. When the officer arrived at the market with his patrol partner, Officer Franco, he met with the store clerk. Officer Ho recognized the clerk from previous encounters at the store.[2] The clerk told the officers that he made the 911 call and pointed out appellee as the individual he had seen carrying a firearm in his waistband, approaching customers, and trying to sell them narcotics.
Officer Ho immediately asked appellee to step outside the market. Once outside, the officer read appellee his Miranda warnings and asked him about allegations that he was carrying a weapon and selling drugs. Appellee acknowledged the Miranda warnings but did not respond to any of the officer's questions. Officer Ho noticed that appellee seemed very nervous and kept looking from side to side. Concerned that appellee might flee, the officer asked him to sit down on the ground. After appellee sat down, Officer Ho observed appellee toss something behind him onto the ground. Officer Ho retrieved a plastic baggy containing a substance that appeared to be a cocaine rock. Later testing confirmed that the substance was cocaine. When Officer Ho picked up the *604 baggy to show it to Officer Franco, appellee took off running. He was apprehended and charged with possession of cocaine and resisting arrest without violence.
On cross-examination, Officer Ho acknowledged that when he arrived at the store, he did not observe appellee doing anything illegal or suspicious and that he only stopped him because of the information he received from the dispatcher. To avoid creating a disturbance inside the store, the officer asked appellee to step outside.
The defense called Abel Abdala to testify at the suppression hearing. Abdala was employed as a clerk at the Midway Market, but he was not the clerk who reported this incident and identified appellee to Officer Ho. In fact, he testified that he had no recollection of this incident involving appellee. He testified instead about his own procedures in making emergency calls to the police. He said that, for safety reasons, he often called the police when he observed suspicious persons loitering in the store and not making any purchases. Abdala also admitted that on many occasions he called the police and falsely reported that a suspicious person had a gun to get the police to respond faster. On cross-examination by the state, he conceded that when he made these false claims about a firearm, he never told the officers who responded to his calls that he had been untruthful about seeing a gun.[3]
The trial court entered a written order granting appellee's motion to suppress the evidence and his motion to dismiss the resisting arrest without violence charge. In the order, the trial court found that the information provided the police was unreliable because Abdala was not credible and because "he admitted that not only does he call the police with false information, but so do the other clerks in the store to get the police to respond quicker." The court then concluded that this case was controlled by J.L. v. State, 727 So.2d 204 (Fla.1998),[4] and Felton v. State, 753 So.2d 640 (Fla. 4th DCA 2000), which require corroboration of information provided by anonymous tipsters.
A trial court's ruling on a motion to suppress is clothed with a presumption of correctness on appeal, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling. See Murray v. State, 692 So.2d 157, 159 (Fla.1997); McNamara v. State, 357 So.2d 410, 412 (Fla.1978); Glover v. State, 677 So.2d 374 (Fla. 4th DCA 1996). In this case, the trial court's ruling on the motion to suppress involves a mixed question of fact and law. Hines v. State, 737 So.2d 1182 (Fla. 1st DCA 1999). The standard of review for the findings of fact is whether competent, substantial evidence supports the findings. Id.; Hawk v. State, 718 So.2d 159 (Fla.1998). Review of the trial court's application of the law to the facts is de novo. Ornelas v. United States, 517 U.S. 690, 696-97, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Harris v. State, 761 So.2d 1186 (Fla. 4th DCA 2000); Curtis v. State, 748 So.2d 370, 371 (Fla. 4th DCA 2000); State v. R.M., 696 So.2d 449, 450 (Fla. 4th DCA 1997); Hindenberger v. State, 581 So.2d 633 (Fla. 4th DCA 1991).
*605 The issue in this case is whether, based on the attending convenience store clerk's tip, Officer Ho had reasonable suspicion of criminal activity to stop and detain appellee. Whether the police have reasonable suspicion to stop a suspect based on information provided by an informant depends upon the credibility of the informant. Maynard, 742 So.2d at 316. A tip by a citizen-informant, as opposed to an anonymous tipster, is entitled to a presumption of reliability and does not require further corroboration to provide the requisite reasonable suspicion for a stop. Aguilar v. State, 700 So.2d 58 (Fla. 4th DCA 1997)(statement by teenage resident of trailer park that defendant was carrying a concealed weapon was a tip by a citizen-informant); State v. Evans, 692 So.2d 216 (Fla. 4th DCA 1997)(McDonald's restaurant manager who, in reporting driver's apparent drunkenness, gave her name, address, location and employment position, was a citizen-informant entitled to a presumption of reliability).
In this case, the tip came from a convenience store clerk, who made the 911 call in the scope of his employment. When Officer Ho arrived at the store, he recognized the clerk because of his extensive prior contact with him. The clerk immediately pointed out appellee as the person he witnessed carrying a gun and trying to sell drugs to store customers. Like the McDonald's manager in Evans, he qualified as a citizen-informant, whose information is "at the high end of the tip-reliability scale." Id. at 218.
Although the trial court found that Abdala was not credible because of his history of making false police reports, there was no factual foundation for the court's determination that the clerk who reported appellee's activities lacked credibility. The transcript shows that Abdala only confirmed his own practice of making false gun reports to the police; he did not testify that other store clerks, including the clerk-reportee in this case, had also called in such information to the police. As such, Abdala's testimony concerning his own personal behavior and motives was insufficient to find the reporting clerk's tip unreliable.
Furthermore, the record does not show that the information reported to the police in this case was false and that the police had any reason to question its trustworthiness. There is no indication that Officer Ho knew that any prior reports from the store concerning armed persons were false or that he had reason to suspect that the clerk-reportee in this case was motivated by any reason other than a concern for the safety of himself and others present in and around the market. See State v. Maynard, 783 So.2d 226, 230 (Fla.2001). Consequently, the evidence is not sufficient to overcome the presumption of reliability accorded the citizen-informant in this case.
After finding the tip unreliable, the trial court determined that the stop was unlawful because the officer did not corroborate the reliability of the tip. As stated above, the tip from the clerk was not an anonymous tip, but a tip from a citizen-informant, not requiring further police corroboration to justify the stop. We conclude that the stop was lawful and that the trial court erred in suppressing the evidence and dismissing the resisting arrest without violence charge.
REVERSED and REMANDED.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] Several months after the trial court's order, the Florida Supreme Court quashed the decision in Maynard. State v. Maynard, 783 So.2d 226 (Fla.2001).
[2] Officer Ho testified that he knew the clerk because of contact with him about five times a week in response to calls from the market.
[3] The trial judge was understandably troubled by the witness's account of his false reporting practices and admonished him that such conduct could constitute a crime and, further, hinder the police in responding to other law enforcement needs in the neighborhood.
[4] J.L. was affirmed by the United States Supreme Court in Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000).