814 So.2d 1235 (2002)
Torris WALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1227.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
William J. Sheaffer of William J. Sheaffer, P.A., Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Walls appeals from his conviction and sentence for trafficking in 400 grams or more of cocaine.[1] He moved to suppress evidence of the cocaine and after a hearing, *1236 the trial court denied his motion. He pled no contest, but reserved his right to appeal the trial court's suppression ruling. We have jurisdiction,[2] and affirm.
Walls argues the evidence at the suppression hearing established he was illegally seized by two Orlando police officers (members of the Metropolitan Bureau of Investigation), at the Orlando International Airport and the resulting search of his person was the fruit of the illegal detention, to which he did not consent. See Dozier v. State, 766 So.2d 1105 (Fla. 2d DCA 2000); Sims v. State, 743 So.2d 97 (Fla. 1st DCA 1999). In reviewing these issues, we must take the trial court's ruling as presumptively correct and accept its fact findings, if supported by substantial competent evidence. Terry v. State, 668 So.2d 954 (Fla.1996); State v. Nova, 361 So.2d 411, 412 (Fla.1978).
Testimony at the hearing by the two police officers involved in this case sufficiently establishes that no illegal detention was initially involved. The officers were dressed in street clothes (undercover) and displayed no weapons. The encounter took place in Southwest Airlines' passenger waiting area. One officer, Permaul, was tipped off by another, Schulte, that Schulte had stopped Walls' vehicle in 1998 on the Florida Turnpike, and seized $53,000 in cash and that he recognized Walls. Permaul approached Walls to question him about his travel plans and requested to see his ticket. Permaul returned the ticket. He then asked Walls if he would consent to a search of his person and his bag, but he also testified Walls was free to leave or walk away from him. Walls agreed to the search. He handed Permaul the bag. A pat-down search of his person by Schulte revealed the cocaine.
Although Walls testified to the contrary, the officers' testimony sufficiently established this was a consensual encounter and that Walls freely consented to the search. Thus the fourth amendment is not implicated.[3] Walls testified he was well aware of his right to refuse a police officer's request to search, based on prior experience in another case, and his attorney's instructions.
Walls testified he granted the officer's request to search his bag, but refused the search of his person. The trial court stated it resolved the conflict in evidence between Walls' testimony and the testimony of the police officers, partially on the ground that had Walls intended to deny consent to a search, he would have refused all consent, not just that of his person. We cannot say the trial court's determination is clearly erroneous. Davis v. State, 594 So.2d 264 (Fla.1992); State v. Smith, 632 So.2d 1086 (Fla. 5th DCA 1994).
AFFIRMED.
THOMPSON, CJ., and PALMER, J., concur.
NOTES
[1] § 893.03(2)(a)(4), Fla. Stat. (2000).
[2] Fla. R.App. P. 9.140(b); Jones v. State, 806 So.2d 590 (Fla. 5th DCA 2002); Johnson v. State, 785 So.2d 1224, n. 1 (Fla. 4th DCA 2001).
[3] U.S. Const. Amend. IV. See also Thomasset v. State, 761 So.2d 383 (Fla. 2d DCA 2000); State v. Poole, 730 So.2d 340 (Fla. 3d DCA 1999).