821 So.2d 1127 (2002)
STATE of Florida, Appellant,
v.
K.V., a child, Appellee.
No. 4D01-3812.
District Court of Appeal of Florida, Fourth District.
June 19, 2002.
Rehearing Denied August 1, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, Margaret Good-Earnest, Assistant Public Defender, and Michael Antinori, Assistant Public Defender Certified to Practice as a Member of an Out-of-State Bar, West Palm Beach, for appellee.
GROSS, J.
The state appeals an order granting a motion to suppress entered in favor of appellee, K.V. We reverse, holding that there was a sufficient basis under the Fourth Amendment for the officer to stop and search K.V. and his car.
On the evening of January 10, 2001, K.V. dropped off a friend at an apartment complex in Lauderhill. Driving through the gated entrance to the complex, K.V. stopped to speak to the security guard, who noticed an odor of burning marijuana emanating from the vehicle. The guard let K.V.'s car pass into the complex.
The next car in line at the security gate was a patrol car driven by Deputy Sheriff Santiago Vazquez. The guard told the deputy, "the vehicle that just went in front of you smells a lot like marijuana." The deputy followed K.V.'s car into the complex and pulled right behind him as he parked. From a few feet away, Deputy *1128 Vazquez observed a small cloud of smoke billow from the car as the passenger opened his door. As he approached the driver with his gun drawn, the deputy smelled the odor of marijuana wafting from within the car.
The deputy asked K.V. for his driver's license and registration. As he was looking into the car, the deputy noticed a "baggie of marijuana that was pinched between the seat and center console." Vasquez ordered both occupants out of the car and onto the ground. He searched both boys and found marijuana in the passenger's pocket. A search of the car turned up the baggie of marijuana from the center console and a marijuana cigarette, still warm to the touch, in the front ashtray. The seized items field tested positive for marijuana. The deputy issued K.V. a notice to appear for possession of marijuana.
This is a case of an investigatory stop that ripened into probable cause to support an arrest. Deputy Vasquez had a founded suspicion to conduct a stop based upon the information supplied by the security guard. Fourth Amendment jurisprudence views the security guard tipster as a highly reliable "citizen informant" for two reasons: 1) her identification was readily ascertainable, and 2) she was motivated not by pecuniary gain, but by a desire to further justice, as a matter of civic duty. See State v. Manuel, 796 So.2d 602, 605 (Fla. 4th DCA 2001); State v. Evans, 692 So.2d 216, 219 (Fla. 4th DCA 1997). With the quality of information provided here, Deputy Vazquez was not required to corroborate the information before conducting an investigatory stop.
This case is similar to State v. Evans. There, a manager working at a McDonald's drive-through window observed a person in line who was "wasted." Evans, 692 So.2d at 217. She believed the driver to be intoxicated, because he was "incoherent," "fumbling to get the bag of food," and his eyes were "really dilated." Id. While he was still waiting in line, the manager called the police and pointed him out as an officer arrived. Id. Based upon the manager's status as a "citizen informant," this court held that the trial court erred in requiring the officer to corroborate the tip before conducting an investigatory stop. See id. at 219. Here, as in Evans, the security guard acted as a citizen informant, providing "hot," readily verifiable information to the deputy who needed no corroboration in order to conduct a stop.
After the deputy pulled behind appellant's car, he acquired additional information that justified an arrest. Deputy Vazquez corroborated the tip when he observed a "small cloud" of smoke floating from the vehicle and smelled the odor of burning marijuana. As the Florida Supreme Court has recently observed, the odor of burnt marijuana "unquestionably" provides probable cause not only to conduct a stop of a vehicle, but also to search the entire passenger compartment and each of its occupants. See State v. Betz, 815 So.2d 627 (Fla.2002); accord State v. Chambliss, 752 So.2d 114, 115 (Fla. 5th DCA 2000).
Here, the tip from the security guard, the smoke billowing out of the car, and the smell of burning marijuana gave Deputy Vazquez ample probable cause to arrest the occupants and search both their persons and the vehicle. Moreover, after the stop of the occupants, the deputy's plain view observation of the baggie of marijuana wedged between the car seats provided additional probable cause to conduct the search. See I.T. v. State, 614 So.2d 582 (Fla. 3d DCA 1993) (finding probable cause to search juvenile suspect after officer observed a plastic baggie protruding from his pocket).
*1129 The order granting appellee's motion to suppress is reversed and the case is remanded for further proceedings.
SHAHOOD and MAY, JJ., concur.