GREEN, J.
Appellant, Whisler Charles, appeals the denial of his motion to suppress physical evidence, namely, two handguns taken from him by arresting officers. Because we find that the police were justified in detaining Charles and seizing his weapons, we affirm.
The content of Charles’s mother’s report to the police — that she had seen Charles brandishing guns and making death threats three days earlier, that her daughter had indicated that he was doing the same thing on the day in question, and that Charles usually carried two guns— was enough, given the totality of the circumstances, to give the police reasonable suspicion to justify an investigatory stop. See State v. Maynard, 783 So.2d 226, 230 (Fla.2001) (finding that information provided by citizen informant, i.e., defendant’s mother, gave officer reasonable suspicion *928 to conduct investigative stop.). See also State v. Manuel, 796 So.2d 602, 605 (Fla. 4th DCA 2001) (“A tip by a citizen-informant, as opposed to an anonymous tipster, is entitled to a presumption of reliability and does not require further corroboration to provide the requisite reasonable suspicion for a stop.”).
When stopped by the police, Charles behaved uncooperatively. He refused to show his hands and kept them hidden under a towel on his lap. Thus, we find that the officer was also justified in conducting a pat-down search of Charles to protect both himself and his fellow officer. See Brown v. State, 358 So.2d 596, 598 (Fla. 2d DCA 1978) (finding that police may conduct limited protective search for concealed weapons when officer is justified in believing that individual who is acting suspicious is armed and dangerous to officer or to others). When this search revealed two concealed handguns, the police had probable cause to arrest Charles. Accordingly, the introduction of these weapons into evidence was entirely proper. See State v. Merritt, 519 So.2d 36 (Fla. 3d DCA 1988) (finding evidence seized from a properly conducted pat-down search admissible); Williams v. State, 403 So.2d 453, 456 (Fla. 1st DCA 1981) (holding that weapons seized in pat-down search were admissible even though defendant was not under arrest at time).
Affirmed.