957 So.2d 111 (2007)
Dennis L. MANNING, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-79.
District Court of Appeal of Florida, Fourth District.
May 16, 2007.
*112 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Dennis L. Manning timely appeals a conviction of burglary of a dwelling. We affirm the conviction but find the trial court erred in denying Manning's 3.800(b)(2) motion to correct sentence.
The victim in this case, Jimmy Ralph Archie, came home one morning after spending the night at his girlfriend's house to find the door to his apartment broken down, the lock broken and a television stolen. His housemate told him that she saw someone break into his room, but did not see who it was. When Officer Saridakis responded to Archie's burglary call, Archie showed the officer his apartment and described what items were missing. Archie also said that someone from the *113 neighborhood told him that it was Manning, whom Archie described as a black male in his thirties and a former neighbor, who stole his television. Saridakis then left the apartment and went to his patrol car to fill out the necessary paperwork.
As Officer Saridakis was completing his paperwork, a friend and next-door neighbor of Archie's saw Archie outside, approached him and told him that someone in a gold car had parked in front of Archie's house the night before. This friend then observed the same gold car passing by and alerted Archie. Archie looked, saw the car and noticed that Manning was in it. He then ran to the Officer Saridakis's patrol car and told the Officer that Manning was in that car.
Officer Saridakis looked at the car as it passed by and saw a white female and a black male inside. He followed the car, turned on his emergency lights and pulled the car over. As he approached on foot, Saridakis noticed a television in the back seat. He then separated the two occupants for questioning and the female occupant told him that her passenger, Manning, had taken the television and put it in her car, and that they were driving around town in an effort to give it away or sell it.
Manning was subsequently arrested and charged with, inter alia, burglary of a dwelling. At trial, his counsel moved the court to suppress any and all items found in the car, including the television. Manning's counsel argued that the traffic stop was improper because the information officer Saridakis acted upon was insufficient to merit the reasonable suspicion required to perform an investigatory stop. Specifically, Manning's counsel claimed that certain information (i.e., that Archie believed Manning stole his television because someone in the neighborhood told him so) was provided by an anonymous informant, and that the informant's tip lacked the indicia of reliability and independent corroboration to support a police response. The State countered that the totality of the circumstances must be considered when evaluating whether a police officer had a reasonable suspicion of criminal activity, and that information acted upon by Saridakis constituted a citizen informant's tip, which, as opposed to a tip gathered from an anonymous informant, carries with it a presumption of veracity and reliability.
The trial court denied the motion to suppress, reasoning that Saridakis had a reasonable suspicion to stop the car because: he believed a crime had been committed; knew with specificity what objects had been taken; had information that a neighbor, who the court said "may fall into somewhere in between an anonymous tip and a citizen informant," told Archie that Manning had committed the crime; a specific person and car had been identified; and, lastly, there were exigent circumstances  Archie running to the officer and telling him, "there goes the car, there's [Manning]."
Manning was convicted of burglary of a dwelling and sentenced to 15 years in Florida State Prison with credit for 396 days time served. On appeal, he argues that the trial court erred in denying his motion to suppress because the police did not have the reasonable suspicion necessary to stop him, and therefore any evidence found after the stop should have been suppressed as "fruit of the poisonous tree."
[An appellate court] is required to accept the trial court's determination of disputed issues of fact in a motion to suppress, as the trial court is vested with the authority to determine the credibility of the witnesses and the weight of the evidence. Although [appellate courts] are required to accept the trial court's determination of the historical *114 facts leading to the search, a defendant is entitled to a de novo review of whether the application of the law to the historical facts establishes an adequate basis for the trial court's finding of reasonable suspicion or probable cause.
Lee v. State, 868 So.2d 577, 579 (Fla. 4th DCA 2004) (citing Curtis v. State, 748 So.2d 370 (Fla. 4th DCA 2000)).
A police officer may stop a person for the purpose of investigating possible criminal behavior even though there is no probable cause to justify an arrest, as long as the officer has a reasonable suspicion that the person is or has engaged in criminal activity. J.L. v. State, 727 So.2d 204, 206 (Fla.1998), aff'd, Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). "All that is required for a valid vehicle stop . . . is a founded suspicion on the part of the officer effectuating the stop that the occupants have committed or are about to commit a crime." London v. State, 540 So.2d 211, 213 (Fla. 2d DCA 1989) (citing Sumlin v. State, 433 So.2d 1303 (Fla. 2d DCA 1983)). In contrast, investigatory stops based solely upon an inarticulable hunch or unparticularized suspicion are invalid. State v. Setzler, 667 So.2d 343, 348 (Fla. 1st DCA 1995) (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).
Manning's argument centers on whether or not the information relayed by Archie to officer Saridakis came from an anonymous tipster(s). The various kinds of third-party informants and the standards applicable to each were discussed in State v. Evans, 692 So.2d 216 (Fla. 4th DCA 1997); see also Aguilar v. State, 700 So.2d 58 (Fla. 4th DCA 1997) (citing Evans, supra). In Evans, this court placed the "citizen-informant" at the high end of the reliability scale. Evans, 692 So.2d at 219. A citizen-informant "is one who is motivated not by pecuniary gain, but by the desire to further justice." Id. (citations omitted). The veracity and reliability of a citizen-informant are presumed. Id. At the low end of the reliability scale is the anonymous tipster. Id. at 218. The veracity and reliability of this kind of informant are unknown. Id. Thus, such a tip requires "detailed and specific information corroborated by police investigation" in order to alone justify a stop. Id.
Even though the trial court in this case determined the neighbor was in between an anonymous informant and a citizen informant, we find he was closer to the latter because the police could readily ascertain his identity. See State v. Maynard, 783 So.2d 226, 230 (Fla.2001) (finding tipster was not anonymous, in part, because her identity was readily ascertainable by the stopping officer  "the cases support the proposition that an informant's actual name need not be known so long as her identity is readily discoverable"). Cf. Solino v. State, 763 So.2d 1249, 1251-52 (Fla. 4th DCA 2000) (finding informant was anonymous, rather than a citizen-informant, because he drove off after relaying the information and the deputy did not obtain his name or license tag). Thus, despite the fact that the neighbor did not see Manning commit the alleged crime, we conclude, under the facts of this case, that it was reasonable for officer Saridakis to stop the car for purposes of further investigation. In so finding, we conclude that the trial court did not err in denying Manning's motion to suppress.
Manning also claims the trial court erred in denying his rule 3.800(b)(2) motion to correct sentence, specifically contending that the court should not have ordered him to pay $50 to the County Alcohol and Other Drugs Abuse Trust Fund. The State concedes the point.
*115 Payment to the fund may be "imposed for any criminal violation of s.316.193. s.856.011, s.856.015, or Chapters 562, 567, 568, or 893. . . ." Manning, however, was convicted of burglary of a dwelling and theft under sections 810.02 and 812.014, Florida Statutes (2004), respectively. As such, we order the trial court to strike this portion of the assessment and recalculate total costs.
As to the other points raised on appeal, we affirm.
Affirmed in Part; Reversed in Part; Remanded.
WARNER and HAZOURI, JJ., concur.