REYES, ISRAEL U., Associate Judge,
concurring specially.
I, too, would affirm the trial court, but for different reasons. I believe that based on the reliable information provided by citizen-informant King that several juve *964 niles were causing a disturbance, Deputy Maldonado had reasonable suspicion to detain the appellant. Once the deputy ordered the appellant to return to his location and the appellant complied, this encounter became a valid investigatory stop that then ripened into probable cause to believe that the appellant committed the crime of Resisting an Officer without Violence. § 843.02, Fla. Stat. (2005); see also California v. Hodari D., 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (seizure occurs when the suspect submits to the officer’s show of authority); Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Parsons v. State, 825 So.2d 406 (Fla. 2d DCA 2002) (An order or command from a law enforcement officer during a consensual encounter transforms it into a Terry stop.).
“[T]here are three levels of encounters between the police and citizenry.” Saturnino-Boudet v. State, 682 So.2d 188, 191 (Fla. 3d DCA 1996). “ ‘The first level is considered a consensual encounter and involves only minimal police contact.’ ” Falls v. State, 953 So.2d 627, 629 (Fla. 4th DCA 2007) (quoting Popple v. State, 626 So.2d 185, 186 (Fla.1993)).
“The second level of police citizen encounters involves an investigatory stop as enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At this level, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1991). In order not to violate a citizen’s Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal ac-tmty.’[1]
Id. at 629-30 (quoting Popple, 626 So.2d at 186); see, e.g., Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry, 392 U.S. at 30, 88 S.Ct. 1868; Thomas v. State, 250 So.2d 15, 17 (Fla. 1st DCA 1971); see also State v. Davis, 849 So.2d 398, 400 (Fla. 4th DCA 2003). Reasonable suspicion represents a minimum level of objective justification which is considerably less than proof of wrongdoing by a preponderance of the evidence, see United States v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), and can be provided by a citizen informant. See State v. Manuel, 796 So.2d 602, 605 (Fla. 4th DCA 2001) (“A tip by a citizen-informant, as opposed to an anonymous tipster, is entitled to a presumption of reliability and does not require further corroboration to provide the requisite reasonable suspicion for a stop.”). Tips from identifiable citizens who observe criminal conduct and report it, along with their identities to the police, will almost invariably be found sufficient to justify police action. J.L. v. State, 727 So.2d 204, 206 (Fla.1998); State v. Evans, 692 So.2d 216, 219 (Fla. 4th DCA 1997) (quoting Wayne R. LaFave, Search and Seizure § 3.3 (3d ed.1996)); State v. Talbott, 425 So.2d 600, 602 n. 1 (Fla. 4th DCA 1982) (quoting Barfield v. State, 396 So.2d 793, 796 (Fla. 1st DCA 1981)); e.g., Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); State v. Simons, 549 So.2d 785, 786 (Fla. 2d DCA 1989); see also 901.15, Fla. Stat. (1995).
However, if the Terry investigatory stop is not lawful, anything occurring after the *965 stop is fruit of the poisonous tree. Pantin v. State, 872 So.2d 1000, 1002 (Fla. 4th DCA 2004) (When an investigatory stop is not based on reasonable suspicion, it violates the Fourth Amendment and is unlawful, making evidence obtained as a result of the stop inadmissible as fruit of the poisonous tree.).
The stop here was based on reasonable suspicion. Deputy Maldonado was called to the community center because several juveniles were causing a disturbance. The appellant was one of the individuals involved. King told the deputy that she wanted a trespass warning issued to them. King, who works at the community center, was an average citizen who found herself in the position of a witness to a potential trespass and thereafter relayed to Deputy Maldonado what she knew. Thus, because King was a citizen informant, Deputy Maldonado did not need to verify or corroborate the tip that the appellant was trespassing before initiating the Terry stop. King’s tip was entitled to a presumption of reliability and standing alone was sufficient and gave Deputy Maldonado the reasonable suspicion he needed to detain the appellant.
After speaking with King, Deputy Maldonado went to speak to the group of juveniles at the basketball courts, including the appellant. Deputy Maldonado was in full uniform with a gun. By the time Deputy Maldonado went to the aforementioned group, the appellant had gotten on his bike and started to peddle away. Deputy Maldonado ordered him to return and the appellant came back to him. Thus, because Deputy Maldonado was acting on the citizen informant tip, had ordered the appellant to come to him, was in full uniform with a gun, and the appellant obeyed Deputy Maldonado, the deputy initiated a valid Terry stop. Because the stop was valid, everything that occurred after the subject investigatory stop is not fruit of the poisonous tree.
This valid Terry detention then ripened into the requisite probable cause needed to arrest the appellant for Resisting an Officer without Violence. See United States v. Sharpe, 470 U.S. 675, 705-06, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (A Terry detention can ripen into probable cause for an arrest.). The crime of Resisting an Officer without Violence has two elements:
Whoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree....
843.02, Fla. Stat. (2005); see Mosley v. State, 739 So.2d 672, 675 (Fla. 4th DCA 1999). First, the officer must be engaged in the lawful execution of a legal duty. Id. Second, the defendant’s action, be it by words, conduct or a combination thereof, must constitute obstruction or resistance of that lawful duty. Id. Performing a valid Terry stop is a legal duty. L.K.B. v. State, 697 So.2d 191, 193 (Fla. 5th DCA 1997). The word “obstruct” in the statute prohibiting obstruction of an officer without violence means to interfere with, impede or retard; while “oppose” in the same statute means to be in contention or conflict with, to combat, to resist. Wilkerson v. State, 556 So.2d 453, 455 (Fla. 1st DCA 1990).
Having concluded that Deputy Maldonado executed a valid Terry stop when he encountered the appellant, it is clear that he was engaged in a lawful duty. During this Terry stop, the appellant obstructed or resisted that lawful duty, thus, violating the resisting statute. Deputy Maldonado testified that during the stop, the appellant directed obscenities laced with threats. At one point, the appellant clenched his fists and looked Deputy Maldonado dead in the eye, making Deputy Maldonado believe *966 there was going to be a confrontation. Clearly, by his words, conduct, or a combination thereof, the appellant obstructed or resisted Deputy Maldonado’s lawful duty.
It is of no consequence that Deputy Maldonado validly stopped the appellant to investigate a trespassing or disturbance, but later arrested him for Resisting an Officer without Violence. Nothing in Terry or its progeny requires that an officer must charge a subsequently arrested Terry detainee with the same crime the officer reasonably suspected the detainee was committing at the time of the stop. It is also of no import that Deputy Maldonado did not ascertain if the appellant had been notified that he could not remain on that property prior to the investigatory stop. § 810.09, Fla. Stat. (2006). Deputy Maldonado did not have to obtain any corroboration or evidence prior to confronting the appellant because the tip was from a citizen informant and Terry stops are initiated for investigative purposes. As previously stated, the purpose of a police investigation is to resolve any ambiguity. Therefore, I concur that the trial court did not err in finding the appellant guilty of this charge and did not err in denying the motion for judgment of dismissal.

. "Indeed, the principal function of [a police officer's] investigation is to resolve that very ambiguity and establish whether the activity is in fact legal or illegal-to enable the police to quickly determine whether they should allow the suspect to go about his business or hold him to answer charges.' ” Wayne R. LaFave, Search and Seizure § 9.5(b) (4th ed.2004).