THOMAS, J.
The defendant, Jared Keller, pled nolo contendere to possession of a controlled substance; sale, manufacture or delivery of hydrocodone; possession of drug paraphernalia; and possession of less than 20 grams of cannabis, reserving the right to appeal. Co-defendant Dustin Burns pled nolo contendere to possession of controlled substances, reserving the right to appeal. The court withheld adjudication and placed each of them on three years’ probation. Both defendants appealed the orders, arguing that a motion to suppress evidence should have been granted below. We disagree, and affirm.
The State’s primary witness, a citizen informant, was working at a convenience store in Fort Walton Beach. He testified that he was putting trash in a dumpster at work when he observed a black Scion parked next to the dumpster. He saw the two occupants of the vehicle “doing something in their lap.... Their arms [were] moving. They put their head down, come back up wiping their nose.” He did not actually see any drugs and did not see the two men exchange anything, although they appeared to exchange something underneath the dash, out of his view. These observations occurred in the afternoon, and the two men were in plain view. One of the men in the Scion (later identified as defendant Keller) got out of the Scion and into a red SUV that was parked by a gas pump.
The citizen informant called the sheriffs office, and two deputies pulled into the store’s parking lot about five minutes later. The deputies were looking for the black Scion. The citizen informant told them there had been two men in the Scion, one got out and got in the red SUV, and the driver of the Scion left; the person reportedly doing the drugs was now in the red SUV parked to their left. The citizen informant did not see the driver of the red SUV do anything illegal or suspicious, and he did not tell the deputies anything about the driver. After about 45 seconds to a minute, the deputies turned them attention to the red SUV and watched it legally drive out of the parking lot.
The deputies did not personally see any suspicious behavior other than suspicious “furtive movements” once being followed by the deputies. Based on the citizen *929 informant’s information, rather than the movement, the sheriffs deputies made a traffic stop of the red SUV and encountered the defendants, Keller and Burns. Burns was driving. One of the deputies asked to search the car and was given permission. At that time he asked Keller to get out of the car.
A citizen informant is a person “motivated not by the desire for pecuniary gain but by the desire to further the ends of justice.” Barfield v. State, 396 So.2d 793, 796 (Fla. 1st DCA 1981). The information provided by this witness was entitled to the “high end of the tip-reliability scale.” State v. Evans, 692 So.2d 216, 219 (Fla. 4th DCA 1997). As the Fourth District noted in Evans, both legal scholars and the United States Supreme Court have recognized that citizen witnesses who report suspected criminal activity are more reliable than an informant from the “criminal milieu.” Id. (quoting Wayne LaFave, Search and Seizure, § 3.3 (3d ed. 1996)); see United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Here, the citizen informant observed behavior that provided a founded suspicion of criminal activity to support detaining Appellants, as did the citizen informant in Evans.
After questioning from defense counsel regarding his motivation for calling law enforcement, the citizen informant stated that he had never provided such a tip regarding suspicious activity, other than calling in to report a theft from his workplace. He stated that “nothing’s happened like that before, like — in daylight like that.” When defense counsel attempted to ask if it was “possible” that the two men had a sinus condition, the citizen informant answered no and laughed. During redirect examination, the citizen informant stated that he had seen people bend over and “snort cocaine” and he observed them wiping their noses after seeing that behavior.
The trial court found that the witness “is an average citizen who, by chance, found himself in the position of being a witness to criminal conduct and felt, as a matter of civic duty, the need to report the conduct to law enforcement.” The court relied on Evans when holding that the witness qualified as a citizen informant whose observation was entitled to a high degree of reliability. The trial court further found, citing Baptiste v. State, 995 So.2d 285, 290 (Fla.2008), that the witness’s tip must provide a founded suspicion based on “the existence of a reasonable suspicion that is based upon specific and articulable facts, and the rational inferences that may be drawn from those facts.” (Emphasis added.)
The trial court concluded that the citizen informant relayed reliable information that Appellant was engaged in drug use based on the citizen informant’s “experience of witnessing people perform the same motions while ingesting cocaine, [thus] he associated this behavior with drug use and in fact told the Deputies that the [Scion’s] occupants were involved in drug activity.... Therefore this Court finds that the tip provided by [the citizen informant] was sufficient in content as well as credibility and provided [the deputies] the requisite reasonable suspicion to stop and temporarily detain the Defendant Keller as well as the Defendant Burns.”
This well-reasoned order is supported by the necessary facts and reasonable inferences to withstand Appellant’s challenge on appeal. Under the totality of the circumstances, the officers’ reliance on the citizen informant’s information was reasonable. See Evans, 692 So.2d at 219. As in Evans, this citizen informant provided a founded suspicion of criminal activity based on his own experience and the behavior he observed in daylight — behavior so brazen and suspicious that the citizen *930 was motivated to report the activity to law enforcement to “further justice.”
AFFIRMED.
LEWIS, J., Concurs; PADOVANO, J., Dissenting with Written Opinion.