CASANUEVA, Judge.
The appellant, Ross Fabian, in this appeal from his conviction and sentence for possession of cocaine, challenges the denial of his motion to suppress the cocaine that a police officer found during a search of his person. The search was predicated upon observations the police officer made following the receipt of an anonymous tip. Mr. Fabian pleaded no contest to the charge of possession of cocaine and reserved the right to appeal the denial of this dispositive motion to suppress. We conclude that the trial court erred by denying the motion and, accordingly, reverse. Because of this determination, the other issues presented for review are moot and will not be addressed.
The evidence presented at the suppression hearing established that on December 27, 1995, the Tampa Police Department received an anonymous complaint that a person was “doing transactions with vehicles.” The informant also described a distinctive jacket the subject was wearing and his location. In response to this tip, Officer Kevin Kirk responded to the identified location, Citrus Circle, approximately thirty minutes later. Upon arriving at Citrus Circle, known to Officer Kirk as a “drug hole,” Officer Kirk saw Mr. Fabian, who was wearing a jacket which matched the distinctive description of having striped sleeves. During the time span that Officer Kirk observed Mr. Fabian, Mr. Fabian did nothing illegal or suggesting the likelihood of criminal conduct. Officer Kirk then approached Mr. Fabian and spoke to him. After Mr. Fabian was unable to provide satisfactory answers to the officer regarding the purpose of his presence at that location, Officer Kirk then assumed that Mr. Fabian might be armed and conducted an extensive search of his person. Pursuant to the search, the officer located cocaine in Mr. Fabian’s pants. The record contains no evidence suggesting that Mr. Fabian was or could have been bearing a weapon.
At the time of his search of Mr. Fabian, the officer had not observed him engage in any conduct or activity that was or appeared to be criminal. The lack of independent evidence of criminal activity is fatal to the legality of this search. Writing for this court, Judge Campbell expressed our belief that it
is not sufficient merely to corroborate the identity, dress, description, location or even future activity of the suspect who is the subject of the anonymous information. In addition to independent evidence verifying that type of information, there must also be independent evidence of criminal activity on the part of the suspect. Otherwise, any totally innocent person could be the object of an anonymous tip furnishing verifiable information about name, description, whereabouts and future activity.
Cunningham v. State, 591 So.2d 1058, 1061 (Fla. 2d DCA 1991). The same reasoning applies here. See also Coladonato v. State, 348 So.2d 326 (Fla.1977); G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985). Officer Kirk’s search of Mr. Fabian was based on his bare *116 suspicion of illegal activity which we cannot approve.
In a further effort to sustain the legality of the search, the State argued that the search was based upon probable cause for the crime of trespass. The location of the alleged trespass was neither in a structure nor a conveyance so section 810.09, Florida Statutes (1995), governs. The record is silent as to evidence of proof of notice to Mr. Fabian by either posting of the property or by actual communication prior to the search. Therefore, this contention fails as there is no record evidence to support it.
We reverse the conviction and sentence and remand with instructions to discharge Mr. Fabian.
THREADGILL, A.C.J., and PATTERSON, J., concur.