801 So.2d 264 (2001)
Gregory KIMBALL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1095.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
*265 Glenn H. Mitchell, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gary K. Milligan, Assistant Attorney General, Fort Lauderdale, for appellee.
STONE, J.
Kimball's conviction for possession of a controlled substance, ecstacy, is reversed. Upon a de novo review of the record[1], we conclude that it was error to deny the defense motion to suppress physical evidence seized in the search of Kimball's vehicle.
The essential facts are undisputed. On November 2, 1999, the sheriff's office received information from an unknown informant that Kimball was about to deliver ecstacy pills. The informant described Kimball and his automobile in detail. The informant said Kimball was presently en route to the Amoco gas station where he intended to deliver between 400 and 600 ecstacy pills to unknown persons at nine p.m.
Deputies responded to the tip by positioning themselves in unmarked cars in the gas station parking lot. As predicted, Kimball entered the Amoco station at nine p.m. in a red Mazda MX 3. When he got out of his car, he was immediately seized and the vehicle was searched.
In denying the motion to suppress, the trial court stated,
Well, due to the detailed [sic] and precision of the contents of the tip given by the anonymous caller that does establish reliability in and of itself and they did have probable cause.
Having probable cause, there is no necessity for the warrant due to exigency *266 of the circumstances due to mobile vehicles.
An anonymous tip may give rise to reasonable suspicion to stop or probable cause to search, where the tip is deemed reliable. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). A tip corroborated by independent police observation of otherwise seemingly innocent acts may exhibit sufficient indicia of reliability depending upon the totality of the circumstances. Id. at 330, 110 S.Ct. 2412; see also Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The reliability of such a tip is evaluated, among other considerations, on its degree of specificity, the extent of corroboration of predicted future conduct, and the significance of the informant's predictions. Id. Compare Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), with White. In J.L.,[2] an anonymous caller informed police that a young black male in a plaid shirt was standing at a bus stop with a gun. Id. at 268, 120 S.Ct. 1375. Officers arrived at the bus stop, frisked J.L., and seized the gun. J.L. had made no threatening or otherwise unusual movements, nor had the officers seen a gun. Id. The Supreme Court found the search illegal, stating that the tip lacked the requisite indicia of reliability as it provided no predictive information. Id. at 274, 120 S.Ct. 1375.
In White, an anonymous caller notified police that a woman, who was carrying cocaine, would leave her apartment at a certain time, get into a car matching a detailed description, and drive to a specified motel. Id. at 327, 110 S.Ct. 2412. Officers went to the apartment and saw the woman get into the car and drive in the direction of the motel. Id. They stopped the car, informed the woman that she was suspected of carrying cocaine, and asked if they could search the vehicle. The woman consented, and the officers found marijuana inside the car. Id. The Court held that when the officers stopped the car, the tip had been sufficiently corroborated to establish a reasonable suspicion that the woman was engaged in criminal activity. It stated,
The Court's opinion in Gates gave credit to the proposition that because an informant is shown to be right about some things, he is probably right about other facts that he has alleged, including the claim that the object of the tip is engaged in criminal activity. Thus, it is not unreasonable to conclude in this case that the independent corroboration by the police of significant aspects of the informer's predictions imparted some degree of reliability to the other allegations made by the caller.
Id. at 331-32, 110 S.Ct. 2412 (citations omitted). The court pointed out that the tip contained details about a third party's future actions and stated, "it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about the individual's illegal activities." Id. at 332, 110 S.Ct. 2412; see also Gates, 462 U.S. at 244, 103 S.Ct. 2317 (finding probable cause for a search warrant where anonymous letter predicted that defendants would fly to a specified city in Florida, pick up a car, and drive to a certain location to deliver drugs, and the information *267 was corroborated by independent investigation).
We note, however, that in White, the predictive information was deemed sufficient to justify a stop based on reasonable suspicion; the resulting search was founded on consent to search given after the investigatory stop. Here, the anonymous informant predicted that Kimball would arrive at the Amoco station at nine p.m. in a red Mazda MX-3. These are innocent details. Nevertheless, in contrast to the tip in J.L., the tip here did include accurate predictions about the suspect's future actions. While someone may predict that a person will stop and get gas, it is unusual for that person to be able to predict the exact time and location that this will occur. Thus, when the deputies observed Kimball drive into the Amoco gas station at nine p.m., this did impart a degree of reliability to the information that we deem sufficient to support an investigative stop. We conclude, however, that on these limited facts and in the absence of exigent circumstances, consent, or incriminating or suspicious circumstances, the law enforcement agents lacked probable cause to seize Kimball and search the car.
We recognize that it is well-established that probable cause to search may be founded on an anonymous tip where there is a fair probability, upon confirmation of the predicted behavior, that contraband will be found. See Gates, 462 U.S. at 246, 103 S.Ct. 2317. However, absent a reliable informant, the less detailed the tip, the more corroboration of future conduct is necessary to support a common sense decision that there is a "fair probability" that contraband or evidence of a crime will be found at the designated place. Id. at 244, 103 S.Ct. 2317. Gates does not authorize findings of probable cause, carte blanche, simply because predicted behavior is subsequently borne out where the observed circumstances are not suspicious.
In U.S. v. Solomon, 728 F.Supp. 1544, 1548 (S.D.Fla.1990), the Court recognized that "[W]here police officers can only corroborate innocent facts of a tip, there can be no probable cause to search unless the innocent facts are, of themselves, suspicious." (emphasis added). There, Judge Gonzalez granted motions to suppress where the sheriff received an anonymous call that Solomon, who was described and his address given, would transport cocaine the next day. The informant said that Solomon would be leaving his residence with the drugs between 6:00 and 9:00 a.m. in a specified vehicle, that a sailboat was docked behind his residence, and that he would travel north, on either interstate highway 95 or 75, accompanied by a described woman. The details as to the residence, sailboat, and vehicle were confirmed and at 6:00 a.m., he left the residence, was joined by the woman passenger, and headed north on the turnpike toward I-75. The vehicle was stopped and Solomon was immediately taken into custody. The court concluded that the officers lacked probable cause for an arrest or search. In doing so, the court correctly recognized that in Gates, the Supreme Court was swayed, not just by corroboration of the anonymous informant's predictions, but also by the suspicious nature of Mr. and Mrs. Gates' conduct. See also Pinkney v. State, 666 So.2d 590 (Fla. 4th DCA 1996)(holding that absent suspicious conduct, the subsequent corroboration of an anonymous tip that the defendant would be moving narcotics from a specified location to his residence at a certain address was insufficient to justify a stop).
We note that, with regard to the facts and circumstances sufficient to support probable cause, no distinction is made between search of a vehicle or a structure. *268 The special authority to search a vehicle recognized in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and section 933.19, Florida Statutes, excuses only the warrant requirement; it does not reduce the degree of proof necessary to support probable cause to search. E.g., United States v. Mendoza, 722 F.2d 96 (5th Cir.1983).
Where seizures following a stop founded on predicted behavior lacking criminal or suspicious conduct have been upheld, other circumstances were generally present to support the search. Such circumstances include the existence of a credible source[3], a fear for officers' or public safety[4], a dog "sniff,"[5] or suspicious evidence observed, felt, or detected by the officer's other senses.[6]
In this case, Kimball did not meet anyone at the gas station, and the deputies did not observe any suspicious activity. There is simply insufficient evidence to furnish probable cause to search. Although the deputies certainly had a sufficient basis to stop Kimball for further investigation, there was no consent to search, no dog alert, no contraband in open view, no exigent circumstances, nothing said or done to cause concern for safety, no cause to arrest or other conduct or circumstance sufficient to support a finding of probable cause.
Therefore, the conviction and sentence are reversed and we remand for further proceedings.
FARMER, J., concurs.
SHAHOOD, J., dissents with opinion.
SHAHOOD, J., dissenting.
I respectfully dissent. The information given to law enforcement in this case was from a concerned citizen, not a confidential informant seeking a reduced sentence or some form of remuneration or pecuniary gain. Specifically, the detailed information provided was that a white male, known as Gregory Kimball, who was described as six foot, thin build, with brown hair, would be operating a red Mazda MX-3 with a sloped back, and that he was en route to the Amoco gas station located at, 80 N. Jog Road, (Southern and Jog), in Palm Beach County, from Boynton Beach to deliver between 400 and 600 Ecstasy Pills to unknown individuals at the gas station, and his estimated time of arrival was in approximately 15 minutes at nine o'clock P.M.
As stated by the majority, "an anonymous tip may give rise to reasonable suspicion to stop or probable cause to search, where the tip is deemed reliable." See Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). In this case, the tip was sufficiently corroborated upon the stopping of the car to establish a reasonable suspicion that Kimball was engaged in criminal activity. Id.
I would affirm the trial court's denial of the motion to suppress.
NOTES
[1] See Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).
[2] We note that at the hearing, the only authority furnished by the defense to the trial court was J.L., which is distinguishable from this case as the search in J.L. was not based on predicted future conduct. Nevertheless, we address the predicted future conduct case law as the argument made to the trial court was based on the reliability of the tip and the lack of probable cause to search.
[3] State v. Butler, 655 So.2d 1123 (Fla.1995).
[4] Campuzano v. State, 771 So.2d 1238 (Fla. 4th DCA 2000); United States v. Alvarez, 899 F.2d 833 (9th Cir.1990).
[5] United States v. Amaya, 52 F.3d 172 (8th Cir.1995).
[6] Foy v. State, 717 So.2d 184 (Fla. 5th DCA 1998).