813 So.2d 260 (2002)
Eugene MARSDIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1247.
District Court of Appeal of Florida, Fourth District.
April 10, 2002.
Guy J. Seligman, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Marsdin's conviction and adjudication of guilt for possession of cocaine.
Marsdin was arrested after three kilos of cocaine were found in the automobile that he was driving. Prior to trial, Marsdin filed a motion to suppress the cocaine seized, arguing that the evidence was obtained as the result of an illegal stop and *261 unlawful search of his automobile. At the suppression hearing, Officer Lanza, a narcotics detective, testified that Detective Vichot informed him that an anonymous informant revealed that there was going to be a three-kilo cocaine deal at an auto dealership. Lanza told Vichot to give the informant his pager number while Lanza and Detective Fitzpatrick went to the dealership location. Approximately twenty minutes later, Lanza spoke directly to the informant who advised him that a black male known as "Gene" had three kilos of cocaine located in his business office at the dealership. According to the informant, "Gene" had been trying to get the informant to arrange a deal for the sale of the three kilos.
After further conversation, Lanza asked the informant to participate in setting up a fictitious sale. Lanza explained that it would be easier if "Gene" could take the dope to another location. He instructed the informant to tell "Gene" that a buyer would be at a Chevron gas station approximately six blocks from the auto house. The informant called five minutes later to confirm that "Gene" would indeed take the kilos of cocaine to the Chevron gas station. The informant then told Lanza that he was going to re-call "Gene." Within a minute of that conversation, Lanza saw Marsdin exit the dealership while talking on a portable phone. The conversation was brief and Marsdin re-entered the business. After a few seconds, the tipster called Lanza and told him that "Gene" would deliver the kilos of cocaine to the Chevron gas station and that he would be driving a four-door beige Honda vehicle. Lanza then observed Marsdin, carrying a white bag, leave in a four-door beige Honda.
When Marsdin arrived at the station, he was immediately detained. From outside the car, Lanza saw the white bag on the passenger floorboard and Detective Fitzpatrick retrieved it. Fitzpatrick opened the bag and observed three square objects wrapped in brown tape. The contents tested positive for the presence of cocaine.
The trial court denied the motion to suppress after the aforementioned evidence was adduced. In denying the motion to suppress, the court found that the information supplied established sufficient indicia of reliability and probable cause to stop Marsdin and search the bag.
Considering the totality of the circumstances, probable cause was established for Marsdin's detention and the seizure of the bag. Although an anonymous tip, without more, is generally insufficient to demonstrate the informant's basis of knowledge or veracity, see Alabama v. White, 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), an anonymous tip corroborated by independent police work can exhibit sufficient indicia of reliability to provide reasonable suspicion to conduct a stop or probable cause to search. Id. at 330, 110 S.Ct. 2412. The reliability of such a tip is evaluated, among other considerations, on its degree of specificity, the extent of corroboration of predicted future conduct, and the significance of the informant's predictions. Kimball v. State, 801 So.2d 264, 265 (Fla. 4th DCA 2001)(citing Illinois v. Gates, 462 U.S. 213, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Here, the anonymous tip, combined with independent police observation, was sufficient to provide reasonable suspicion to stop and probable cause to search.
In Kimball, the sheriff's office received information from an unknown informant that Kimball was about to deliver ecstacy pills. Id. at 265. The informant described Kimball and his automobile and said that Kimball was en route to an Amoco gas station where he intended to deliver ecstacy pills to unknown persons. Id. When Kimball entered the Amoco station, *262 he was immediately seized and his car was searched. Id. We recognized in that case that although the tip may have included sufficiently accurate predictions about the suspect's future actions to provide reasonable suspicion to support an investigative stop, his conduct did not establish probable cause to believe that the suspect was engaged in criminal activity such as to support a search or arrest. "Absent a reliable informant, the less detailed the tip, the more corroboration of future conduct is necessary to support a common sense decision that there is a `fair probability' that contraband or evidence of a crime will be found at the designated place." Id. at 267.
Unlike in Kimball, there was probable cause to support the search and seizure in the instant case. Although the deputies had initially engaged in a "wait and see" approach after receiving the initial tip, Detective Lanza eventually instructed the informant to have "Gene" meet him at a designated location at a specified time in order to perform the transaction. The informant confirmed that "Gene" would indeed meet him at the Chevron with three kilos of cocaine. Marsdin was then seen talking on the phone during the time that the informant was to be speaking with "Gene." Shortly after Lanza's instruction, Marsdin left the dealership carrying a white bag, entered a vehicle matching the description given by the informant, and drove to the Chevron gas station just as Lanza had directed. Thus, considering the totality of these circumstances, there was more than a fair probability that the white bag contained cocaine. See Gates, 462 U.S. at 246, 103 S.Ct. 2317 (holding there was a sufficient basis for probable cause to search home and car where there was independent corroboration of major portions of anonymous letter); League v. State, 778 So.2d 1086, 1087 (Fla. 4th DCA 2001)(holding there was probable cause for appellant's seizure where anonymous tip was corroborated by independent observation of conduct consistent with a drug transaction).
In Kimball, by contrast, the deputies had not observed any suspicious activity prior to the search. Here, however, it was the detective who instructed when and where the drug transaction was to take place. When Marsdin, who matched the informant's description, followed Lanza's directions, this behavior amounted to more than just innocent activity and was enough to support a finding of probable cause.
Marsdin's sentence is also affirmed, without prejudice to his raising the sentencing issue in the trial court by petition for post-conviction relief. See Drayton v. State, 791 So.2d 522, 523 (Fla. 4th DCA 2001); Garrett v. State, 788 So.2d 328 (Fla. 4th DCA 2001).
POLEN, C.J. and STEVENSON, J., concur.