ALTENBERND, Chief Judge.
J Henry Whittle appeals a judgment for trafficking ' in methamphetamine. Mr. Whittle entered a plea of nolo contendere to the charge, reserving the right to.appeal the circuit -court’s denial of his dispositive motion to suppress 'the drugs, which were found by deputy sheriffs during a search of his vehicle. We conclude that the deputies did not have probable cause to perform a warrantless search of Mr. Whittle’s vehicle.. Accordingly, we reverse the judgment and sentence.-
On April' 29, 2003,' a detective with the Polk County Sheriffs Office received a telephone call in the late afternoon from a woman who was an established, reliable, paid confidential informant. The informant told the detective that she had information that an older man with gray hair, about 5'8" or- 5'9" in height, of medium build, driving- a brown, “older model” Dodge van, would soon be driving into the parking lot of a specified fast-food restaurant in Dundee. He would have.an ounce of methamphetamine on his person. The informant referred to the suspect as “Gene.” She did not know what route “Gene” wpuld take .to the restaurant. She did not provide any information as to what “Gene” would do once he arrived at the restaurant. There is no suggestion that *212 he was going to the restaurant to sell the drugs. From the record, there is nothing to indicate that “Gene” was going to the restaurant to do anything other than buy a burger and fries for supper.
The informant explained that the source of her information came from “an overheard conversation.” There was no evidence presented to establish that she knew the identities of the parties involved in the conversation or that she was one of the parties to it. The deputies did not testify as to whether the informant explained where the conversation took place or how she overheard it. There is no indication that Mr. Whittle was a participant in the conversation or knew anything about it.
There is nothing in the record to suggest that Mr. Whittle was the target of any ongoing investigation. The detective did not know Mr. Whittle or anything about his criminal record or activities prior to the telephone call. Thus, until the telephone call informing the detective that Mr. Whittle was going to the fast-food restaurant while possessing methamphetamine, from the perspective of law enforcement, Mr. Whittle was merely an ordinary citizen in the community.
The detective quickly drove to the parking lot of the restaurant, arriving within ten minutes. He remained in contact with the informant by telephone. Shortly thereafter, Mr. Whittle’s vehicle pulled into the parking lot. The vehicle and Mr. Whittle matched the general description provided by the informant. The informant, who apparently was within eyesight of the parking lot, indicated to the detective over the telephone that Mr. Whittle was the suspect in question.
Mr. Whittle exited his van. Before he had an opportunity to enter the restaurant, two additional deputies arrived at the scene and immediately stopped Mr. Whittle. The record does not establish what, if any, questioning of Mr. Whittle occurred at that time. If the deputies frisked Mr. Whittle or performed a full search of his person, it is undisputed that no drugs or weapons were found on his person. Without his consent, the deputies immediately entered his van and performed a full search of it. During this search, the deputies located the drugs inside an eyeglass case that was inside a center console.
Mr. Whittle filed a motion to suppress the methamphetamine, arguing that the deputies did not have probable cause to search his van. The trial court denied the motion after noting that it was a “very, very close” case.
It is worth noting that this case does not involve a Terry[1] stop or a reasonable suspicion standard. Whether the officers had a reasonable suspicion that would have been sufficient to permit an investigatory stop of Mr. Whittle without some additional corroboration of the information is itself a close question. See, e.g., Sapp v. State, 592 So.2d 786 (Fla. 2d DCA 1992). The informant did appear to predict at least a modicum of Mr. Whittle’s future behavior. See Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). On the other hand, because the informant was apparently on a phone within eyesight of Mr. Whittle when Mr. Whittle entered the designated parking lot, it is not entirely clear what conduct the informant was predicting versus what conduct she was reporting as it occurred. Cf Clifford v. State, 750 So.2d 92 (Fla. 2d DCA 1999) (stating an informant’s prediction of his own future behavior is insufficient to warrant a Terry stop). This is not a case in which the informant predicts events that will occur hours or days in the future.
*213 Here, however, law enforcement performed an immediate search of Mr. Whittle’s vehicle, and thus the State was required to show that law enforcement had probable cause for this intrusion. The dis-positive legal issue in this case is therefore whether an overheard conversation that a man has drugs on his person is sufficient to establish probable cause either (1) to arrest him for possession and search his vehicle incident to that arrest or (2) to search his vehicle independent of any decision to arrest him. We conclude that it is not.
At the hearing on the motion to suppress and in the briefing presented to this court, the parties have focused a great deal of attention on the role of the confidential informant in providing this information and on the informant’s established reliability.[2] We conclude, however, that the informant is the proverbial red herring in this case. Ultimately, this case is not about the reliability of the informant. The analysis would be the same even if the “informant” were another fully trained undercover police officer or the sheriff himself.
This case involves a single accusation of criminal activity derived from an unidentified hearsay source. Although the State established that the informant was reliable, the accuracy and reliability of her source for the information was completely untested. An informant’s basis of knowledge is an important factor in determining whether the totality of the circumstances establishes probable cause for a warrant-less search. Illinois v. Gates, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Butler, 655 So.2d 1123, 1128 (Fla.1995); Owens v. State, 854 So.2d 737 (Fla. 2d DCA 2003). In cases such as this, where the admitted source of the information is an overheard conversation between other unidentified people, the reliability of the informant becomes largely irrelevant. The informant is little more than a conduit for information from an anonymous tipster.
The hearsay information conveyed by the informant in this case may have been a reasonable foundation upon which to begin a criminal investigation. It may have warranted an attempt at a consensual encounter in the parking lot that could have evolved into a valid investigatory stop. It did not, however, provide the detailed information sufficient to establish probable cause for an immediate arrest of Mr. Whittle or for a search of his vehicle without a warrant. See Kimball v. State, 801 So.2d 264 (Fla. 4th DCA 2001). There is simply no indication that the conversation overheard by the informant was more than “mere rumor,” which is insufficient to establish probable cause. See Butler, 655 So.2d at 1126. Hearsay information that would not establish probable cause if received directly by a police officer does not achieve greater status if received indirectly through a reliable informant.
We have often emphasized the need for independent evidence of criminal activity or corroboration of questionable allegations of criminal conduct in order to develop the level of suspicion necessary to establish probable cause. See Fabian v. State, 710 So.2d 114 (Fla. 2d DCA 1998); Lawal v. State, 666 So.2d 1000 (Fla. 2d DCA 1996); see also Cunningham v. State, 591 So.2d 1058 (Fla. 2d DCA 1991). This case fits squarely within that line of cases. Accordingly, we reverse the judgment and sentence and remand with in *214 structions to enter an order granting the motion to suppress.
Reversed and remanded.
FULMER and KELLY, JJ., Concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. We are inclined to believe that the trial judge would not have considered the case to be such a close call if the parties had not diverted the focus toward the confidential informant.