PER CURIAM.
The appellant, State of Florida, appeals a trial court order granting a motion to suppress evidence seized in connection with the arrest of the appellee, Rebecca Marsh. We reverse.
The state filed an information charging the appellee with possession of cocaine, possession of marijuana, and possession of drug paraphernalia. The appellee filed a motion to suppress the evidence seized from her vehicle on the grounds that the information relied upon by the officers to initiate the stop was uncorroborated information from a source of unknown reliability and, therefore, insufficient to justify a stop pursuant to section 901.151, Florida Statutes (1987). The motion further alleged that any consent given subsequent to the illegal stop was invalid.
Officers Lloyd Wentz and Michael Met-calf testified at the suppression hearing. The officers testified that they were conducting a bar check at the Biarritz nightclub when they were approached by a white female whom they had never met or seen before, but whom they believed was a *388 club employee. She informed the officers that two women had been snorting cocaine through a gold tipped straw in the ladies bathroom. She described the two women and pointed them out. She then walked the officers outside and showed them the sports car, a Subaru, in which the two women had been in earlier. After receiving this information and without verifying it, the officers waited in their squad car for the two women to leave. Shortly thereafter, the two women exited the nightclub, entered the Subaru, and drove away. The officers immediately stopped the vehicle.
Officer Wentz asked the appellee for her driver’s license and to exit the vehicle. The appellee cooperated. Officer Wentz then asked the appellee for consent to search her vehicle and informed her that he and Officer Metcalf had been told that she had been using cocaine. The appellee responded by telling the officers to “[g]o ahead and search all you want.”
Officer Wentz found a pink ceramic pipe with marijuana residue in the center console of the car. Officer Metcalf found a brass pipe and a glass tube with a gold colored tip with cocaine residue inside a white purse located behind the driver’s seat. The officers then seized the evidence and arrested the appellee. The trial court granted the appellee’s motion to suppress the evidence, and the state filed a timely notice of appeal.
We recognize that a trial court’s ruling on a motion to suppress comes to this court with a presumption of correctness and that the evidence and the inferences capable of being drawn therefrom must be viewed in a light most favorable to the appellee. Codie v. State, 406 So.2d 117 (Fla. 2d DCA 1981). However, in this case we find the state overcame this presumption, and the trial court erred in granting the appellee’s motion to suppress.
In order to make a valid investigatory stop, an officer must have a well founded or reasonable suspicion that the person has committed, is committing, or is about to commit a criminal offense. § 901.151. A stop based upon an anonymous tip is valid where the reliability of the tip has been established through detailed and specific information later corroborated by prompt police action in locating the described individual in the named location. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla.1980).
We find that the information provided to the officers in this case meets the criteria established in Hetland. The officers received detailed and specific information regarding the physical description of the women observed snorting cocaine and their vehicle. The officers were, shortly thereafter, able to corroborate this information when they observed the two women leave the nightclub and drive away in the vehicle. At this time, the officers had a well founded suspicion to initiate the investigatory stop. Bussey v. State, 528 So.2d 955 (Fla. 3d DCA 1988). Therefore, the stop and subsequent consent were valid, and the trial court erred in suppressing the evidence seized.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, C.J., and FRANK and ALTENBERND, JJ., concur.