778 So.2d 1086 (2001)
Ronald LEAGUE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4009.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alison B. Cutler, Assistant Attorney General, Fort Lauderdale, for appellee.
WARNER, C.J.
Appellant challenges his conviction for purchase and possession of cocaine on the ground that the police stopped and seized him without probable cause. We hold that the anonymous tip on which the police acted was confirmed and independently corroborated by the activity they witnessed prior to seizing appellant. Therefore, the seizure did not violate the Fourth Amendment.
Detective Rivers, an eleven year veteran of the Vero Beach Police Deportment and a member of the county's Multi-Agency Criminal Enforcement Unit, received an anonymous complaint that Robert Horskins, known as "Peanut," was selling narcotics at his residence. Although Rivers had previously received numerous complaints regarding Peanut, and knew that he had been previously arrested for drug dealing, Rivers had not had the time to investigate him. Rivers and other detectives went to the residence and hid in the bushes to observe the location from fifteen or twenty feet away. After about twenty or thirty minutes with no activity, Rivers observed appellant drive up, get out of his vehicle, and approach the house. Appellant knocked on the door, Peanut came out, they talked, and appellant handed Peanut money. Peanut briefly went back inside, and when he came back out, he dropped something small into appellant's left hand. Rivers recognized Peanut when *1087 he exited the residence. Rivers then instructed one of the other officers to seize appellant. As appellant got back into his vehicle, the officer grabbed appellant's clenched left hand and a couple of pieces of what tested positive for cocaine fell out. Appellant was arrested.
Whether the facts as found by the trial court constitute probable cause for arrest requires de novo review on appeal. See Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Probable cause to arrest or search exists when the totality of the facts and circumstances within an officer's knowledge sufficiently warrant a reasonable person to believe that, more likely than not, a crime has been committed. See Curtis v. State, 748 So.2d 370, 374 (Fla. 4th DCA 2000). "Articulating precisely what `reasonable suspicion' and `probable cause' mean is not possible. They are commonsense, nontechnical conceptions that deal with `the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Ornelas, 517 U.S. at 695, 116 S.Ct. 1657 (quoting Illinois v. Gates, 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).
In this case, the officers received an anonymous tip that Peanut was selling drugs at his home. Peanut was known to the police and numerous complaints had been made. Although the substance of those complaints was not revealed in the officer's testimony, the officer knew that Peanut had been arrested for drug activity. While anonymous tips are not in and of themselves sufficient to constitute either reasonable suspicion or probable cause, when independent investigation reveals corroboration of the substance of the tip, the totality of the circumstances may rise to either reasonable suspicion or probable cause. See J.L. v. State, 727 So.2d 204, 206 (Fla.1998), aff'd, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000); Cunningham v. State, 591 So.2d 1058, 1061 (Fla. 2d DCA 1991) (independent evidence of criminal activity apart from verified tip needed to support search and seizure). The anonymous tip in this case was corroborated by the independent observation of conduct consistent with a drug transaction. Specifically, a trained officer witnessed a hand to hand transaction involving a known drug dealer where money was exchanged for a small object. We thus conclude that there was probable cause for appellant's seizure. See Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995). See also Williams v. State, 717 So.2d 1109, 1109-10 (Fla. 5th DCA 1998); Knox v. State, 689 So.2d 1224, 1225-6 (Fla. 5th DCA 1997).
Affirmed.
TAYLOR and HAZOURI, JJ., concur.