LEVINE, J.
The issue presented for our review is whether the trial court erred in granting a motion to suppress where it found that a law enforcement officer did not have reasonable suspicion to stop appellee. We find that the trial court erred since, based on the officer’s observations, there was probable cause that a crime had been or was being committed. We therefore reverse the order granting the motion to suppress.
Detective Redi of the Broward County Sheriff’s Office was working as part of a selective enforcement team targeting narcotics and prostitution. On December 10, 2009, Detective Redi and another detective drove to a hotel, which was known for *14 narcotics and prostitution, within the City of Oakland Park. Detective Redi had made previous narcotics arrests at the hotel. In the parking lot, the detective observed ap-pellee in a parked vehicle with the window down. He observed appellee lift the open part of a soda can horizontally to his mouth, while holding a lighter to the closed end of the soda can. Appellee inhaled and exhaled a white powdery smoke from what the detective described as a “makeshift crack pipe.” During the motion to suppress hearing, the detective conceded that appellee could have been smoking something legal such as tobacco, but that with the “white powdery smoke,” it resembled the smoke of “crack cocaine.”
The detective approached the vehicle and asked for appellee’s identification. Appellee appeared startled and dropped the soda can on the floorboard of the vehicle. The detective asked appellee to exit the vehicle. The detective retrieved the can and field tested the can, which came back positive for cocaine.
Appellee was arrested and charged with possession of cocaine. Appellee challenged the stop and the trial court granted a motion to suppress the cocaine. The trial court stated:
Well, this one was an interesting case as all the suppression motions usually are. The Court can say if I were a law enforcement officer and I was on duty that night and I witnessed someone smoking out of a converted can, I probably would have taken the same actions.
[I]n this case, the Court does not find it to be enough. Even though if we are looking at what is more probable, more probable that is a crushed cola can, carburetor on the side or whatever it had in order to convert it into a smoking device, was more likely to probably contain a narcotic, then it was to have some type of pipe tobacco.
The trial court granted the motion to suppress, concluding that the detective did not have a “well-founded suspicion before having Mr. Blaylock exit the vehicle.... Mr. Blaylock was seized without the officer first having a well-founded suspicion of criminal activity before detaining Mr. Blaylock.”
As a result of the trial court’s order granting the suppression of evidence, this appeal ensues.
The standard of review applicable to a motion to suppress requires an appellate court to defer to the trial court’s factual findings but review legal conclusions de novo. State v. Abbey, 28 So.3d 208, 210 (Fla. 4th DCA 2010).
Although the trial court found that the detective did not have a well-founded suspicion of criminal activity, we disagree and find that the detective, in fact, had probable cause to believe that a crime had been or was being committed.
Probable cause is, of course, one of the three levels of police-citizen encounters as outlined by the Florida Supreme Court in Popple v. State, 626 So.2d 185, 186 (Fla. 1993). The first level is a consensual encounter, the second level involves an investigatory stop based on reasonable suspicion, and the third level is an arrest based on probable cause. Id.
In the present case, we find that there was sufficient evidence to constitute probable cause. “Probable cause to arrest or search exists when the totality of the facts and circumstances within an officer’s knowledge sufficiently warrant a reasonable person to believe that, more likely than not a crime has been committed.” League v. State, 778 So.2d 1086, 1087 (Fla. 4th DCA 2001). Even though the detective in this case acknowledged that the *15 substance, although appearing to emit crack cocaine smoke, could theoretically have been tobacco, this is not dispositive as to whether the detective had probable cause to believe a crime was being committed. “A police officer does not have to ‘know’ that a certain item is contraband” in order to establish probable cause. State v. Hafer, 773 So.2d 1223, 1225 (Fla. 4th DCA 2000). Thus, “[a] finding of probable cause does not require absolute certitude.” Curtis v. State, 748 So.2d 370, 374 (Fla. 4th DCA 2000).
We find that probable cause existed for the detective to believe that more likely than not, a crime was being committed in his presence. See League, 778 So.2d at 1087. The trial court recognized, despite its decision to suppress, that the “crushed cola can ... was more likely to probably contain a narcotic, than it was to have some type of pipe tobacco.” We agree that the detective personally observed a “crushed cola can” being used as a “makeshift crack pipe,” and thus, personally observed, “more likely than not,” a crime being committed.
In conclusion, we find the detective properly seized the soda can containing cocaine, based upon probable cause that appellee had committed or was committing a crime. We, therefore, reverse and remand for further proceedings.

Reversed and remanded.

TAYLOR and HAZOURI, JJ., concur.