DAMOORGIAN, J.
The State appeals the trial court’s non-final order granting E.W.’s motion to suppress his statements made during a police interview. We reverse.
E.W. was charged with grand theft. He moved to suppress his recorded statements made to a detective who was investigating allegations of a theft. The trial court conducted an evidentiary hearing on the motion where the following facts were adduced.
The detective responsible for investigating the crime contacted E.W.’s mother and informed her of the allegations against her son. He asked her if E.W. would come in to speak with the police and told her that E.W. could possibly be arrested if he did not speak with him. Thereafter, E.W., accompanied by his mother, went to the police station.
At the start of the interview, E.W. was advised that he was not under arrest or being detained and was free to leave. He was also informed that he did not have to speak with the detective and was assured that he was “not going to jail today or anything like that.” E.W.’s mother was present with E.W. the entire time and engaged in conversation during the interview. Although E.W. ultimately confessed to committing the crime, he was not placed under arrest that day, and he left with his mother.
At the conclusion of the hearing, the trial court granted the motion suppressing E.W.’s statements, concluding that E.W. was in custody for Miranda[1] purposes. This appeal follows.
“The standard of review applicable to a motion to suppress requires an appellate court to defer to the trial court’s factual findings but review legal conclusions de novo.” State v. Blaylock, 76 So.3d 13, 14 (Fla. 4th DCA 2011) (citing State v. Abbey, 28 So.3d 208, 210 (Fla. 4th DCA 2010)).
The State argues that E.W. was not in custody for purposes of Miranda because a reasonable person in E.W.’s position would not believe that he was in custody. See Jones v. State, 748 So.2d 1012, 1019 (Fla.1999) (“Miranda only applies when a defendant is subject to custodial interrogation.”). Custody is determined by an objective, reasonable person standard — whether a reasonable person placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest. See Johnson v. State, 800 So.2d 275, 278 (Fla. 1st DCA 2001) (citing Ramirez v. State, 739 So.2d 568, 573 (Fla.1999)).
Florida courts have applied the following four factors to determine whether one is in custody for purposes of Miranda:
(1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; (4) whether the suspect is informed that he or she is free to leave the place of questioning.
*152 Mansfield v. State, 758 So.2d 636, 644 (Fla.2000) (citing Ramirez, 739 So.2d at 574).
Applying the factors announced in Mansfield, we conclude that E.W.’s encounter with the police was entirely consensual for purposes of Miranda. The detective first contacted E.W.’s mother and informed her of the purpose of the meeting. Moreover, the mother voluntarily brought E.W. to the police station, was present with E.W. throughout the interview, and was advised that E.W. did not have to speak to the police. Furthermore, E.W. was informed that he was free to leave at any time, was not under arrest, and would not be arrested that day. See State v. Scott, 786 So.2d 606, 609 (Fla. 5th DCA 2001) (“ ‘[I]n the absence of any indi-cia of coercion or intimidating circumstances, police questioning about criminal conduct or activity alone, does not convert an otherwise consensual encounter into a custodial interrogation.’ ”) (quoting Ramsey v. State, 731 So.2d 79, 81 (Fla. 3d DCA 1999)).
E.W. points out that some of the evidence presented by the detective during the interview was false. However, even though the detective provided E.W. with false evidence against him, this was a proper form of deception. See Wyche v. State, 906 So.2d 1142, 1144 (Fla. 1st DCA 2005) (“Deception does not negate consent. Absent coercion, threats or misrepresentation of authority, the courts have long recognized deception as a viable and proper tool of police investigation.”) (citing Hoffa v. U.S., 385 U.S. 293, 302-03, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966)).
Under the totality of the circumstances, we conclude that a reasonable fifteen-year-old [2] would have believed that he was free to leave. Cf. D.B. v. State, 34 So.3d 224, 226-27 (Fla. 4th DCA 2010) (“Under the totality of the circumstances, a reasonable eleven-year-old child would not believe he was free to leave” because the juvenile was questioned without his mother present, the detective threatened the juvenile with placement in a foster home if he did not tell the truth, the juvenile was “repeatedly confronted with evidence of guilt,” and “the detective never informed the juvenile that he was free to leave.”).
Accordingly, we reverse the order granting the motion to suppress and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

MAY, C.J., and GERBER, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. At the time he was charged, E.W. was flfteen years of age.