GERBER, J.
The defendant appeals his convictions for being a felon in possession of a firearm and possession of cannabis in an amount twenty grams or less. He argues that the circuit court erred in denying his motion to suppress the firearm and cannabis because: (1) at the time of the arrest, the arresting officer lacked probable cause that the defendant committed a crime; and (2) the officer entered into the curti-lage of the defendant’s house to arrest him without a warrant. We conclude those arguments lack merit. We affirm.
The undisputed facts are as follows. The arresting officer, while driving on patrol with his partner in a residential area, saw a car commit a traffic infraction. The officer activated his lights to conduct a traffic stop. The car came to a sudden stop in front of a house which had a fenced-in front yard. The officer saw one man in the driver’s seat and saw the defendant in the passenger’s seat. When the defendant exited the car, the officer saw four inches of the butt of a handgun sticking out of the defendant’s right pants pocket. The officer immediately recognized that the object was a handgun based on his experience of having seen thousands of handguns. The defendant walked into the fenced-in front yard towards the front door of the house. The officer yelled to his partner that the defendant had a gun. The officer then drew his own gun, ran into the yard towards the defendant, and ordered him to stop and put his hands up. The defendant complied. The officer then arrested the defendant and retrieved the gun from the defendant’s pocket.
The officer learned that the defendant was a convicted felon. Thus, the officer charged the defendant for being a felon in possession of a firearm. A search of the defendant also revealed that the defendant possessed cannabis in an amount twenty grams or less. The officer charged the defendant for that offense as well.
At the hearing on the motion to suppress, the officer testified that, upon seeing the gun in the defendant’s pocket, he did not know if the defendant had a concealed weapons permit. The officer also testified that, upon seeing the gun, he did not think to ask the defendant about the gun before taking action. Instead, he immediately sought to arrest the defendant out of concern for his and his partner’s safety. The officer further testified that, at the time that he drew his gun and ran towards the defendant, the defendant did not reach for the gun. The officer acknowledged that some pellet guns and BB guns look very similar to firearms until close inspection occurs. The officer also acknowledged later learning that the defendant lived at the house where the arrest occurred.
The defendant argued that the court should suppress the firearm and cannabis because, at the time of the arrest, the officer lacked probable cause that he committed a crime. He further argued that even if the officer had probable cause that he was committing the crime of open carrying of a weapon, the officer could not enter into the curtilage of his house to arrest him without a warrant. The state responded that the officer had probable *413 cause that the defendant was committing the crime of open carrying of a weapon, and that the officer could enter into the curtilage of the defendant’s house because the officer was in fresh pursuit of the defendant.
The circuit court denied the motion to suppress. The defendant later pled no contest to the charges, while expressly reserving the right to appeal the dispositive motion. The court then adjudicated the defendant guilty and sentenced him. This appeal followed.
“A trial court’s ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.” Rowell v. State, 83 So.Sd 990, 993-94 (Fla. 4th DCA 2012) (citation and quotations omitted). “The appellate court defers to the trial court’s findings regarding the facts and uses the de novo standard of review for legal conclusions.” Nshaka v. State, 82 So.3d 174, 178-79 (Fla. 4th DCA 2012) (citation omitted).
Applying the foregoing standard of review, we conclude that the officer had probable cause to believe that the defendant committed the crime of open carrying of a weapon. “Probable cause to arrest or search exists when the totality of the facts and circumstances within an officer’s knowledge sufficiently warrant a reasonable person to believe that, more likely than not a crime has been committed.” State v. Blaylock, 76 So.3d 13, 14 (Fla. 4th DCA 2011) (citation and quotations omitted). The misdemeanor crime of “open carrying of weapons” is committed when “any person ... openly carries] on or about his or her person any firearm or electric weapon or device” except as provided by law. § 790.53(1) & (3), Fla. Stat. (2008).
The totality of the facts and circumstances within the officer’s knowledge sufficiently warranted a reasonable person to believe that the defendant committed the crime of open carrying of a weapon. The officer testified that once the defendant exited the car, the officer saw four inches of the butt of a gun sticking out of the defendant’s right pants pocket. The officer immediately recognized that the object was a handgun based on his experience of having seen thousands of handguns. Thus, the officer had probable cause to arrest the defendant for openly carrying on his person a firearm in violation of section 790.053(1). Cf. Dorelus v. State, 747 So.2d 368, 372 (Fla.1999) (“[Although the observations of the police officer will not necessarily be dispositive, a statement by the observing officer that he or she was able to ‘immediately recognize’ the questioned object as a weapon may conclusively demonstrate that the weapon was not concealed as a matter of law because it was not hidden from ordinary observation.”) (citation omitted).
Although the officer acknowledged that some pellet guns and BB guns look very similar to firearms until close inspection occurs, such a theoretical possibility does not defeat a finding of probable cause in light of the officer’s testimony that he immediately recognized the object was a gun based on his experience of having seen thousands of handguns. See Leighty v. State, 981 So.2d 484, 486 (Fla. 4th DCA 2008) (“In dealing with probable cause as the very name implies, the process does not deal with certainties but with probabilities. These are not technical niceties. They are factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technic *414 ians act.”) (emphasis and citation omitted).
We further conclude that the officer was able to arrest the defendant by entering into the curtilage of the defendant’s property without a warrant. We recognize that “[t]he zone of protection under the Fourth Amendment extends to the curtilage of a home, which includes a fenced or enclosed area encompassing the dwelling.” Tillman v. State, 934 So.2d 1263, 1272 (Fla.2006), superseded by statute on other grounds, § 776.051(1), Fla. Stat. (2008). However, “[officers are permitted to conduct a warrantless seizure of an item in ‘plain view’ if (1) the police see the item from a place they have a lawful right to be, (2) the incriminating nature of the item is ‘immediately apparent,’ and (3) the police have lawful access to the incriminating item.” Oliver v. State, 989 So.2d 16, 17 (Fla. 2d DCA 2008) (citing Horton v. California, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). The third criterion “is simply a corollary of the familiar principle ... that no amount of probable cause can justify a warrantless search or seizure absent ‘exigent circumstances.’ ” Horton, 496 U.S. at 137 n. 7, 110 S.Ct. 2301 (citation and quotations omitted).
Here, all three criteria were satisfied: (1) the officer saw the gun from a place he had a lawful right to be, that is, outside of the defendant’s fenced-in yard; (2) the incriminating nature of the gun was immediately apparent to the officer based on his experience of having seen thousands of handguns; and (3) the officer had lawful access to the gun because exigent circumstances existed, that is, the need to seize the gun to protect the officers’ safety. See Riggs v. State, 918 So.2d 274, 279 (Fla.2005) (“The kinds of exigencies or emergencies that may support a warrantless entry include those related to the safety of persons or property, as well as the safety of police.”) (citation omitted). Florida law also was satisfied because the defendant committed the crime in the officer’s presence and the officer made the arrest immediately or in fresh pursuit of the defendant. See § 901.15(1), Fla. Stat. (2008) (“A law enforcement officer may arrest a person without a warrant when ... [t]he person has committed a felony or misdemeanor ... in the presence of the officer. An arrest for-the commission of a misdemeanor ... shall be made immediately or in fresh pursuit.”).
The cases upon which the defendant relies are distinguishable. See Regalado v. State, 25 So.3d 600, 607 (Fla. 4th DCA 2009) (reversing an order denying a motion to suppress where neither an anonymous tip nor the officer’s observations of a bulge in the defendant’s waistband revealed any reasonable suspicion of past, present, or future criminal activity); Rodriguez v. State, 964 So.2d 833 (Fla. 2d DCA 2007) (reversing the defendant’s conviction where exigent circumstances did not exist to justify an officer’s warrantless entry into the curtilage of the defendant’s home to arrest the defendant’s husband); Oliver, 989 So.2d at 18 (reversing an order denying a motion to suppress because the incriminating nature of the seized items was not immediately apparent before the officers entered the backyard without a warrant).

Affirmed.

TAYLOR and CIKLIN, JJ., concur.