DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**STATE OF FLORIDA,**
Appellant,

v.

**RANDOLPH HUTZ,**
Appellee.

No. 4D13-1726

[August 6, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael I. Rothschild, Judge; L.T. Case No. 12001545CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellant.

Hilliard E. Moldof of Hilliard Moldof, P.A., Fort Lauderdale, for appellee.

GERBER, J.

The state appeals from the circuit court's non-final order granting the defendant's motion to suppress his statements and physical evidence. The state argues the court erred in finding that a security guard's observation of the defendant snorting cocaine, immediately conveyed to the arresting officer, did not provide reasonable suspicion for the officer to conduct an investigatory stop of the defendant a couple minutes later. We agree with the state's argument and reverse.

At the hearing on the motion to suppress, the officer testified as follows. On the night of the arrest, he was in uniform and armed while on patrol in a casino. He received a dispatch that a security guard observed a man snorting cocaine by one of the men's rooms. A couple minutes later, the officer met with the security guard. The officer did not know the security guard's training or whether the security guard "[knew] what cocaine is" or "[saw it] before in his life."

The security guard identified the defendant, who was sitting behind some people who were gambling at a gaming table. The officer approached the defendant with the security guard a few feet behind him. The officer tapped the defendant on the shoulder, identified himself, and, in a casual tone, asked the defendant "Sir, can I talk [to you] over here?" referring to an area to the side where there were not many people standing around. The defendant followed the officer and security guard over to an area of slot machines twenty to thirty feet away. The defendant was not blocked in any way. The officer did not say the defendant was under arrest, did not indicate he was detaining the defendant, and did not restrict the defendant's freedom of movement. However, the officer acknowledged that "normal citizens in any situation would think they have to follow [him]."

The officer told the defendant he was investigating an incident that occurred by the men's room. Before the officer was able to finish his statement, the defendant immediately responded "[s]omething to the effect [of], 'You got me. I have the stuff in my pocket.'" When the officer asked if he could "see it," the defendant reached in his pocket and pulled out a baggie of cocaine and a straw. According to the officer, the defendant spoke and acted voluntarily. The defendant was charged with possession of cocaine.

The defendant testified as follows. He was sitting at the end of a row of slot machines while watching a friend gamble at an adjacent table when the officer and three security guards approached. The officer said, "I need to talk to you over here," motioning to walk over to a more private area. The defendant got up and walked with the officer down the row of slot machines. The officer then said to the defendant, "I had a report of a suspicious incident and I need to ask you some questions. . . . [Y]ou were observed with a baggie and straw over by the restroom and I need you to empty your pockets." The defendant followed the officer's instruction.

When the defendant was asked whether he hesitated in getting up and complying with the officer's request to talk, he testified: "I would have no reason not to. He's a police officer." The defendant testified that the officer did not show a weapon or say he was under arrest. However, the defendant testified if an officer asked him to do anything, he would do it. The defendant also agreed that he complied with the officer not because the officer indicated he had no other choice, but because he "just felt like [he] needed to comply with the officer's request."

The defendant argued that the court should suppress his statements, the cocaine, and the paraphernalia because he made the statements and

2

produced the cocaine during an investigatory stop without reasonable suspicion and without *Miranda* warnings.

The circuit court granted the motion to suppress. The court reasoned as follows:

> The Court . . . finds [the officer] credible in his recitation of the events. However, what the Court does find is that . . . once the officer asks [the defendant] to relocate himself 20 or 30 feet away, it no longer constitutes a consensual encounter and it does, in fact, constitute a detention. He is by himself. He is in uniform. He is armed. I think what makes this a totally circumstancial [sic] difference than the cases cited by the State is the fact that the officer, rather than questioning him at the location, did ask him to move 20 or 30 feet after indicating to him that he needed to talk to [him]. Even the officer conceded that a reasonable person would feel compelled to have to follow the officer.
>
> So that takes it outside of the realm of a consensual encounter at that point and turns it into a detention which at least requires reasonable suspicion.
>
> The reasonable suspicion in this case is premised upon the security [guard]. However, the only evidence that was presented to the Court was hearsay upon hearsay. [The officer] testified that the information he received was not even from the [security guard], but was from a dispatch officer who was providing statements to [the officer] based upon statements that the security [guard] had related to the dispatch officer.
>
> There is no evidence as to what the security [guard's] training was. There was no testimony from the security [guard] as to what he saw. [The officer] gave no testimony other than the fact that this security [guard] pointed out [the defendant]. There was no testimony as to what details were related, if any, to [the officer]. . . . The security [guard] may very well be a citizen informant, may be presumed reliable, however the Court cannot only look to the reliability of the individual but also the contents of the information provided. And based upon that information as presented in this evidentiary hearing, the Court cannot find that [the officer] had articulable suspicion based on the facts upon which to

3

raise this from a consensual encounter to an investigatory stop. And for those reasons, the items collected as well as the statements taken after that investigatory stop are suppressed and the motion is granted.

After the court entered a written order granting the motion, this appeal followed. The state argues the court erred in finding that the security guard's observation of the defendant snorting cocaine, immediately conveyed to the arresting officer, did not provide reasonable suspicion for the officer to conduct an investigatory stop of the defendant a few minutes later. We employ a mixed standard of review. *See State v. Blaylock*, 76 So. 3d 13, 14 (Fla. 4th DCA 2011) ("The standard of review applicable to a motion to suppress requires an appellate court to defer to the trial court's factual findings but review legal conclusions de novo.").

We agree with the state's argument. "Law enforcement may conduct an investigatory stop of an individual based on a tip providing reasonable suspicion where that tip has been deemed sufficiently reliable, based on either the surrounding circumstances or the nature of the information given in the tip itself." *Castella v. State*, 959 So. 2d 1285, 1290 (Fla. 4th DCA 2007) (internal quotation marks and citation omitted). "[T]he veracity and reliability of a citizen informant are presumed, because such an informant is one who is motivated not by pecuniary gain, but by the desire to further justice, such as by relating details of a witnessed crime to law enforcement as a matter of civic duty; consequently, further investigation and corroboration by law enforcement is not required." *Id.* (internal quotation marks and citations omitted). "Furthermore, a witness who provides information to a police officer through face to face communication is deemed to be sufficiently reliable, so as to generally be classified as a citizen informant." *Id.* (internal brackets, quotation marks, and citation omitted).

Here, the tip which the officer received was sufficiently reliable to provide reasonable suspicion to conduct an investigatory stop of the defendant. The officer received information from the security guard through face to face communication. The security guard thus was a citizen informant whose tip was sufficiently reliable by itself to provide the officer with reasonable suspicion to conduct an investigatory stop of the defendant without further investigation or corroboration. Furthermore, the defendant admitted he possessed contraband before the officer posed a statement or question which required *Miranda* warnings.

This case is most similar to *State v. Marsh*, 576 So. 2d 387 (Fla. 2d DCA 1991). There, two officers were conducting a check at a nightclub when

4

they were approached by a female whom they had never met or seen before, but whom they believed was a nightclub employee. She informed the officers that two women had been snorting cocaine in the bathroom. She described the two women and pointed them out. She then walked the officers outside and showed them the car in which the two women had been in earlier. After receiving this information and without verifying it, the officers waited in their squad car for the two women to leave. Shortly thereafter, the two women exited the nightclub, entered the car, and drove away. The officers immediately stopped the vehicle. One of the officers asked the defendant to exit the vehicle. She cooperated. The officer then asked the defendant for consent to search her vehicle, informing her that the officers had been told she had been using cocaine. The defendant told the officers to "[g]o ahead and search all you want." The officers found drugs and paraphernalia in the vehicle and arrested the defendant. The driver later moved to suppress the evidence on the ground that the information relied upon by the officers to initiate the stop was uncorroborated information from a source of unknown reliability. The circuit court granted the motion.

The second district reversed. *Id.* at 388. Our sister court reasoned:

> The officers received detailed and specific information regarding the physical description of the women observed snorting cocaine and their vehicle. The officers were, shortly thereafter, able to corroborate this information when they observed the two women leave the nightclub and drive away in the vehicle. At this time, the officers had a well[-]founded suspicion to initiate the investigatory stop. Therefore, the stop and subsequent consent were valid, and the trial court erred in suppressing the evidence seized.

*Id.* (internal citation omitted).

Similarly here, the security guard's observations of the defendant snorting cocaine gave the officer a well-founded suspicion to conduct an investigatory stop of the defendant. While the officer testified that he did not know the security guard's training or whether the security guard "[knew] what cocaine is" or "[saw it] before in his life," the *Marsh* officers had no such information about the employee's knowledge of cocaine either. On its face, the security guard's tip would appear to be as reliable as the *Marsh* employee's tip, if not more so because of the security guard's duty to "further justice, such as by relating details of a witnessed crime to law enforcement." *Castella,* 959 So. 2d at 1290 (internal quotation marks and citation omitted).

5

In sum, we conclude that reasonable suspicion existed to support an investigatory stop, and that the defendant admitted he possessed contraband before the officer posed a statement or question which required *Miranda* warnings. Because we conclude that reasonable suspicion existed to support an investigatory stop, we need not address the state's alternative argument that the event was a consensual encounter not requiring reasonable suspicion. Our decision not to address the state's alternative argument should not be interpreted as indicating that the event necessarily constituted an investigatory stop. We reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

GROSS and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6