DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**LAVONTE DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-586

[October 8, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward Fine and Joseph Marx, Judges; L.T. Case No. 08CF008874AMB.

Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melvin G. Mosier, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Lavonte Davis was convicted of first degree murder with a firearm, attempted robbery with a firearm, and burglary with assault while armed with a firearm. His appeal challenges the trial court's denial of his motion to suppress his recorded pre-trial statements to police. As Appellant's statements were freely and voluntarily given and the product of a proper police investigatory process, we affirm.

Appellant became involved in the subject murder investigation after detectives learned he had been present at the scene the night of the murder. Over the next week, the detectives conducted four interviews with Appellant, each of which was recorded with Appellant's consent. The first two interviews were conducted in an unlocked vehicle in front of Appellant's home. During the first interview, Appellant admitted to being a lookout the night of the murder but maintained that others committed the robbery and murder. Appellant retold the same story about being a lookout during the second interview.

The third interview also took place in an unlocked vehicle but at a shopping center near Appellant's home. The detectives read Appellant his *Miranda*[1] rights at the beginning of this interview. After again retelling the story about being just a lookout, Appellant was arrested for that alleged involvement. The fourth interview was conducted at the police station following the arrest, during which Appellant confessed to committing the robbery and murder. Appellant moved to suppress the recorded statements from the four interviews. The trial court denied the motion, finding that the statements were freely and voluntarily made.

We review a motion to suppress under a mixed standard of review, being bound by the trial court's factual findings if supported by competent substantial evidence and applying a de novo standard to the mixed questions of law and fact. *Murdock v. State*, 115 So. 3d 1050, 1054 (Fla. 4th DCA 2013).

The Florida Supreme Court has recently addressed the issue of voluntariness of statements that can be construed as confessions:

> [T]he test is . . . one of voluntariness, or free will, which is to be determined by an examination of the totality of the circumstances surrounding the confession. Moreover, to establish that a statement is involuntary, there must be a finding of coercive police conduct. Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law.
>
> Thus, whether the confession is admissible depends on (1) whether the interrogating officers engaged in coercive activity, and (2) whether that activity was sufficient to overcome the free will of the defendant.

*Baker v. State*, 71 So. 3d 802, 814 (Fla. 2011) (internal quotations and citations omitted); *see also Blake v. State*, 972 So. 2d 839, 843-44 (Fla. 2007).

The Court noted further in *Baker* that *quid pro quo* or inducement promises of leniency or promises not to prosecute in exchange for a confession are the type of coercive police activity that would render a confession inadmissible. *Baker*, 71 So. 3d at 815. However, promises that

---

[1] *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

*do not* affect voluntariness of a defendant's statement are when the officers tell a defendant that it would be easier on him if he told the truth or that the officers would make his cooperation known to prosecuting authorities. *Id.* With other promises that do not fall within these categories, the Supreme Court instructs to look at the "surrounding facts to determine whether, in each particular case, the defendant's will was overborne." *Id.*; *see also Blake*, 972 So. 2d at 844.

In the instant case, we find no error in the trial court's application of the totality of the circumstances test to find that Appellant's statements were freely and voluntarily given and not the product of police coercion or improper promises. The record reveals that Appellant clearly understood that he was free to leave at any time and in control of the questioning during the first three interviews up until his arrest, which occurred only after proper *Miranda* rights were given and probable cause existed. *See Bethel v. State*, 93 So. 3d 410, 413 (Fla. 4th DCA 2012). In fact, both of the first two interviews were concluded upon Appellant's initiative.

Although the detectives repeatedly encouraged Appellant to tell the truth during the interviews and referenced Appellant's unborn child, these statements amounted to nothing more than "regularly employed investigative and interrogation techniques," as the trial court noted. *See Frazier v. State*, 107 So. 2d 16, 23 (Fla. 1958) ("Exhortations to tell the truth, while under arrest, absent duress, threats, compulsion, hope of reward or benefit, do not render a statement involuntary." (quoting *Thomas v. State*, 92 So. 2d 621, 623 (Fla. 1957))). No evidence suggests that Appellant was coerced, provided with express or implied promises of leniency (or other improper promises), or that his will was overborn such as to render his confession to the crimes inadmissible.

The detectives' treatment of Appellant was indicative of a proper investigation and interrogation of a suspect, drawing out details in an informal and incremental fashion and without coercion, harsh treatment (such as denying the suspect food or restroom breaks), or false promises. Accordingly, the trial court properly found that Appellant's confession was voluntary and not the result of coercive police activity. *See, e.g., Martin v. State*, 107 So. 3d 281, 298-99 (Fla. 2012); *State v. Jackson*, 120 So. 3d 88, 91 (Fla. 4th DCA 2013) (holding that a confession was admissible as "[t]here was no express or implied promise of leniency made to [the defendant] in return for his statements"); *State v. Walter*, 970 So. 2d 848, 851-52 (Fla. 2d DCA 2008).

Regarding Appellant's additional request to suppress the recording of a telephone conversation between himself and his mother at the police

station, the trial court properly denied this request as "individuals do not have an expectation of privacy while within police custody." *Davis v. State*, 121 So. 3d 462, 485 (Fla. 2013). The Florida Supreme Court has recognized an exception when police officers "deliberately foster[] an expectation of privacy in the inmate's conversation . . . especially where the obvious purpose was to circumvent a defendant's assertion of the right to remain silent." *Id.* (quoting *Allen v. State,* 636 So. 2d 494, 497 (Fla. 1994)). This was not the situation in the instant case. The detectives never made any assurances to Appellant that his calls would be made in private and he knew he was being recorded. Additionally, Appellant never requested privacy during the conversation and allowed a detective to be present in the room for at least portions of the conversation.

As the trial court's factual findings are supported by competent substantial evidence and the court applied the correct law to reach its conclusion, we affirm the court's denial of Appellant's motion to suppress and the resulting final judgment.

*Affirmed.*

DAMOORGIAN, C.J., and TAYLOR, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4