Forst, J.
This Court has jurisdiction over this appeal of the trial court’s order granting CJ.’s motion to suppress cannabis found after what he contends was an illegal search. Fla. R. App. P. 9.145(c)(1)(B). We agree with the State that the search in this case was within the limits of the Fourth Amendment and therefore reverse and remand for continued proceedings in which the cannabis is not suppressed on this ground.
Background
A law enforcement officer observed the allegedly delinquent child, C.J., riding his bicycle shortly after 9:00 p.m. Because the bicycle lacked the required light, the'Officer stopped C.J, to cite him for this infraction. While performing a routine ID check on- C.J., the officer was alerted to the fact that C.J. was on probation and had a curfew of 6:00 p.m. The officer did not ask C.J. if he had any court-authorized excuse for being out past his curfew, nor did C.J. volunteer such • information.[1] There was also nothing immediately obvious about C.J. that might have suggested a .legitimate excuse (such as, for example, a work uniform which might have indicated that C.J.’s shift had-just ended). After confirming C.J.’s probationary status over the phone, the officer placed C.J. under arrest for the curfew violation. During a customary ‘pat-down as part of the arrest, the officer located the cannabis at issue in this case. ; . . .
C.J. moved to suppress thé cannabis, arguing that his arrest for violation of probation was illegal.[2] His argument was essentially that the officer was required to engage in a reasonable investigation of possible excuses for C.J.’s breaking of his curfew, and that the officer did not do so. Without doing so, according to C.J., the officer lacked probable cause for the arrest. The trial court agreed with this argument, stating that it “believe[d] [the officer] was under a responsibility to question [C.J.] further.” Holding that the failure to further question C.J. made the arrest invalid, the trial court granted C.J.’s motion to suppress.’ The State appealed.
*976 Analysis
On a motion to suppress, we review the trial court’s legal conclusions de novo but defer to the trial court on issues of fact. M.J. v. State, 121 So.3d 1151, 1154 (Fla. 4th DCA 2013).
An officer may arrest a child if that officer “has probable cause to believe that a child is in violation of the conditions of the child’s probation.” § 985.101(l)(d), Fla. Stat. (2016). “The test for probable cause is whether the [totality of the] facts and circumstances within an officer’s knowledge are sufficient to warrant a person of reasonable caution to believe that [it is more likely than not that] an offense has been committed.” Curtis v. State, 748 So.2d 370, 374 (Fla. 4th DCA 2000) (en banc); accord State v. Blaylock, 76 So.3d 13, 14 (Fla. 4th DCA 2011) (using the language inserted into the quotation). Probable cause does not require absolute certitude, but is more than bare suspicion. Id.
It is true that “[a] police officer may not close his or her eyes to facts that would help clarify the circumstances of an arrest.” City of St. Petersburg v. Austrino, 898 So.2d 955, 959 (Fla. 2d DCA 2005) (quoting BeVier v. Hucal, 806 F.2d 123, 128 (7th Cir. 1986)). However, the theoretical possibility that something observed and believed to be criminal might be innocent does not destroy probable cause. Blaylock, 76 So.3d at 14-15; see also State v. Maya, 529 So.2d 1282, 1287 n.7 (Fla. 3d DCA 1988) (“[T]he determination of probable cause does not turn on whether an innocent explanation can possibly be conjured up from what are obviously incriminating circumstances. Rather, it is dependent on what a realistic view of the facts justifies or requires.”). Furthermore, although an officer, in establishing probable cause, “is required to conduct a reasonable investigation, ... the officer does not have to take every conceivable step to eliminate the possibility of convicting an innocent person.” City of Clearwater v. Williamson, 938 So.2d 985, 990 (Fla. 2d DCA 2006).
At the time he placed C.J. under arrest, the officer was aware that C.J. was on probation, out three hours past his curfew, and did not appear to be within any possible exception to the curfew requirement (again, for example, by being in a work uniform). Taking the totality of these facts and circumstances into account, a “person of reasonable caution” could believe that it was more likely than not that C.J. was in violation of his probation. Curtis, 748 So.2d at 374. This case does not involve a claim of innocence by C.J. which the officer may have had to investigate, like in Austrino, and instead is more like Maya and Williamson, where there may have been an innocent explanation, but the criminal likelihood was still apparent in light of the reasonable investigation performed. The officer in this case did not “close his eyes” to any potentially-exonerating facts; those facts were simply not placed before his open eyes so that they could be observed and investigated.
Because the trial court erred by concluding that the officer was required to independently consider all possible exceptions to the curfew requirement and eliminate each before arresting C.J., we reverse the suppression of the cannabis and remand for further proceedings.
Conclusion
An officer is required to conduct a reasonable investigation to establish probable cause. This reasonable investigation, however, does not include eliminating all possibilities of innocence when, as here, those possibilities are neither obvious nor brought to the officer’s attention. Because the officer in this case was not required to investigate and eliminate every possibility that C.J.’s breaking of his curfew was authorized, we hold that the officer had prob *977 able cause to arrest C.J. for violation of probation. The search incident to arrest was therefore lawful and the cannabis should not have been suppressed.

Reversed and remanded.

Levine and Kuntz, JJ., concur.

. The closest C.J. came to an explanation was simply stating that he was riding his bicycle home, although he did not say where he was riding from.

. On appeal, C.J. does not support the motion to dismiss by arguing either that the original stop for haying no light was illegal or that the pat-down was illegal.